(52 App. Div. 216.)

FIGUEIRA v. LERNER.

(Supreme Court, Appellate Division, Second Department.  June 12, 1900.)

AGENTS—APPEARANCE OF AUTHORITY.
    Where a principal has not given an agent authority, he is bound by his appearance of authority only so far as he has caused that appearance.

Appeal from special term.

Proceeding by Mathias Figueira against Charles Lerner.  From an adverse order, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William Liebermann, for appellant.
William L. Carey, for respondent.

WOODWARD, J.  This is a proceeding, brought under the provisions of subdivision 4 of section 2232 of the Code of Civil Procedure, to oust the occupant of certain premises in the borough of Brooklyn, on the ground that said occupant had intruded into said premises without permission of the owner, and that the occupancy thus commenced had continued without such permission.  The occupancy was admitted by the answer, but it was urged that it was with the permission of the owner, given by one Marks, acting as agent for the owner.  The learned justice, upon the trial of the issue thus raised, determined the matter in favor of the owner of the premises, and an appeal from the order entered upon this decision comes to this court.

We are asked to reverse the order upon the ground that the weight of evidence preponderates in favor of the appellant, that the final order is against the evidence, and that it is contrary to law; but an examination of the record does not warrant this relief.  The question presented was whether Marks was in fact the agent of the owner of the premises, with authority to rent and give possession to the appellant.  Upon this point there was a direct conflict of evidence, and, the learned justice having decided in favor of the owner of the premises, it is not for this court to disturb this conclusion.  Fowler v. Marcus, 41 App. Div. 425, 58 N. Y. Supp. 867.  The evidence clearly warrants the decision; for there is practically no dispute that Marks was merely authorized to bring a tenant to the owner of the premises, or to his general agent, and to receive a commission for such work.  As to whether this authority was extended at a subsequent interview with the owner in respect to the renting of the premises to the defendant, the evidence is conflicting, and the justice before whom the question was tried has found in favor of the petitioner.  While a principal is bound by his agent's acts when he justifies a party dealing with his agent in believing that he has given to the agent authority to do those acts, he is responsible only for that appearance of authority which is caused by himself, and not for that appearance of conformity to the authority which is caused only by the agent; that is, he is bound equally by the authority he actually gives, and by that which by his acts he appears to give.  For the appearance of authority he is responsible only so far as he has caused that appearance.  For the appearance

of the act the agent alone is responsible. The fundamental proposition is that one man can be bound only by the authorized acts of another. He cannot be charged because another holds a commission from him, and falsely asserts that his acts are within it. Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827. The limited scope of Marks' agency was indicated to the defendant when he announced that he must see the owner of the premises before renting the same, and if the owner did not extend the authority, and did not do any acts from which the defendant would be justified in believing that the powers of Marks had been extended, the defendant did not come into the possession of the premises with the consent of the owner, and the order appealed from should be affirmed. The decision of the justice below, upon the conflict of evidence in respect to this point, must, as we have already indicated, be conclusive.

The order appealed from should be affirmed, with costs. All concur.