(79 Misc. Rep. 559.)

LIPPINCOT v. EAST RIVER MILL & LUMBER CO.

(City Court of New York, Trial Term. February, 1913.)

1. PRINCIPAL AND AGENT (§ 19*)—ACTIONS BY THIRD PERSONS—BURDEN OF PROVING AGENCY.

Where defendant counterclaimed for plaintiff's failure to deliver lumber pursuant to a contract made by a third person, the burden was on defendant to establish that such third person was plaintiff's agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 36; Dec. Dig. § 19.*]

2. TRIAL (§ 141*)—DIRECTION OF VERDICT—FAILURE TO SUSTAIN BURDEN OF PROOF.

In an action on a contract made by an alleged agent, where the facts bearing upon the existence of the agency are undisputed, and it is apparent therefrom that the burden of proving the agency has not been met, a verdict is properly directed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

3. PRINCIPAL AND AGENT (§ 23*)—ACTIONS—EVIDENCE OF AGENCY—SUFFICIENCY.

On a trial of a counterclaim for failure to deliver lumber pursuant to a contract made by a third person, a memorandum of the order, signed, "B. for L.," L. being plaintiff, and an advertisement for the sale of lumber containing at the head thereof plaintiff's name, and at the bottom the name of B. only, together with proof that two other sales made in the same way by B. had been filled by plaintiff, was insufficient to show that B. was plaintiff's agent, as under the evidence he might have been only a broker, and in business solely on his own account.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

4. PRINCIPAL AND AGENT (§ 149*)—UNAUTHORIZED ACTS—FORCE AND EFFECT.

A sale of lumber by a third person was not binding on the owner, unless the third person was authorized to make such sales by him, or unless he had, by words or acts, done that from which the purchaser was justified in believing that the third person had authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 553–555; Dec. Dig. § 149.*]

5. PRINCIPAL AND AGENT (§ 148*)—DEALINGS WITH AGENT—DUTY OF INQUIRY.

One dealing with a special agent, specially authorized for that transaction, is put upon inquiry as to the extent of his authority, and deals with him at the risk of such authority being exceeded.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 534–552; Dec. Dig. § 148.*]

6. PRINCIPAL AND AGENT (§ 150*)—UNAUTHORIZED ACTS—LIABILITY OF PRINCIPAL.

An agent's act in excess of his actual or apparent authority is not binding on the principal, even though the transaction is beneficial to the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 556–563; Dec. Dig. § 150.*]

7. PRINCIPAL AND AGENT (§ 103*)—EVIDENCE OF AGENCY—RATIFICATION OF PRIOR ACTS.

While the authority of an assumed agent to make a purchase will be implied, where the alleged principal has repeatedly recognized and approved similar acts, a single act, done under express authority, is insuffi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cient to justify the inference that the assumed agent has apparent authority to subject the alleged principal to liability upon subsequent purchases made without actual authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

Action by Robert C. Lippincot against the East River Mill & Lumber Company. On motion by defendant for new trial after a judgment for plaintiff. Motion denied.

- Conway, Williams & Kelly, of New York City (D. T. Kelly, of New York City, of counsel), for plaintiff.

Williams, Folsom & Strouse, of New York City (Charles D. Folsom, of New York City, of counsel), for defendant.

FINELITE, J. The plaintiff instituted this action to recover the value of merchandise sold to defendant at his request. The defendant by its answer admits the plaintiff's claim, but alleged as a defense to the plaintiff's cause of action a counterclaim in the sum of $500 as damages sustained by the defendant on the failure of the plaintiff to comply with a certain agreement for the delivery of certain lumber at a fixed price. On the trial hereof, after both sides had rested, the plaintiff moved to dismiss the counterclaim and for a direction of a verdict for the sum of $932.18, inclusive of interest, upon the ground that the defendant failed to prove facts to sustain said counterclaim. The plaintiff's claim is admitted by the defendant's answer. Said motion was thereupon granted. Thereupon defendant moved for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure.

The facts as alleged by defendant to sustain its counterclaim, briefly stated, are as follows:

On May 16, 1911, defendant's treasurer had a talk with a Mr. Beare, and received an order in writing from said Beare, in his handwriting, with his signature at the bottom thereof, "W. R. Beare, for R. C. Lippincot," for the purchase and delivery of a certain kind of lumber, which lumber was subsequently delivered and paid for. That thereafter, and on or about the month of May, 1911, under a similar order signed as the above for the delivery of certain kind of lumber known as "yellow pine flooring," which was shipped by defendant, and after certain deductions and allowances having been made thereon, left a balance due in the sum of $871.88, which amount defendant admits is due the plaintiff. That heretofore, and on the 22d day of August, 1911, said defendant's treasurer received an order from the said Beare which reads as follows:

"New York City, Aug. 22, '11.

"Sold the East River Mill & Lumber Company, Foot E. 92d St. Consign them ———— Bulkhead, 93d and 94th Streets, East River. 250 M. 13-16x2½ F. Ga. Y. P. Flg. B. & Butler. D. 25 and M. Scratch Buck, Standard Working and Grading at 25½. First ship. in 3 weeks via Str., subject to approval and acceptance for balance of order. If satisfactory, the balance of order to come in shipments every 10 days. Frt. cash; balance 3 months note of 2% 30 days from date of invoice.

"[Signed]    W. R. Beare, for R. C. Lippincot."

That said lumber was never delivered, and for the failure of plaintiff to deliver the same the defendant alleges its damages to be the sum of $500, for which it counterclaims as aforesaid.

The paper or alleged order aforesaid was excluded when offered in evidence, upon the ground that defendant failed to prove the alleged agency of Beare, or ratification of his acts by plaintiff. Certain trade journals were offered in evidence, showing that the said Beare was in the lumber business in Jersey City and the plaintiff in business in the city of Philadelphia. Said advertisement was for the sale of lumber, which advertisement contained at the head thereof the name of the plaintiff and at the bottom the name W. R. Beare only; and as said advertisement contained the plaintiff's name, the defendant concludes that it is some evidence of ratification of the agency of Beare. The said Beare may have only been a broker for the sale of lumber, and in business solely on his own account, and not as an agent for the plaintiff.

[1, 2] The burden of proof is on the defendant to establish the agency; and where the burden of proving by a preponderance of evidence a third party's agency for the defendant rests upon the plaintiff as essential to a recovery, it is proper for the court to direct a verdict for the defendant when, under a correct ruling as to the admission of evidence, the facts bearing upon the subject of the existence of the agency are undisputed, and it is apparent therefrom that the plaintiff has not met the burden resting upon him. Franklin Bank Note Co. v. Mackey, 158 N. Y. 140, 52 N. E. 737.

[3, 4] From the reading of said advertisement and the alleged order, defendant fails to convince the court that said Beare was acting as an agent for plaintiff. The ownership of the lumber was in plaintiff. It was not possible for Beare to sell the same to defendant, unless authorized thereto by the plaintiff, or unless the plaintiff had by words or acts done that from which third party would have been justified in believing that Beare had authority to sell this lumber. As Brown, J., said in Edwards v. Dooley, 120 N. Y. 551, 24 N. E. 829:

"The fundamental principle of the law of personal property is that no person can be divested of his property without his own consent. Mere possession does not confer a power to sell, and an unauthorized sale, although for a valuable consideration and to one having no notice that another is the true owner, vests no higher title in the vendee than was possessed by the vendor. Covill v. Hill, 4 Denio, 323; 2 Kent, Com. 324. While a principal is bound by his agent's acts, when he justifies a party dealing with his agent in believing that he has given to the agent authority to do those acts, he is responsible only for that appearance of authority which is caused by himself, and not for that appearance of conformity to the authority which is caused only by the agent; that is, he is bound equally by the authority he actually gives and by that which by his acts he appears to give. In the appearance of authority he is responsible only so far as he has caused that appearance. . For the appearance of the act the agent alone is responsible. The fundamental proposition is that one man can be bound only by the authorized acts of another. He cannot be charged because another holds a commission from him and falsely asserts that his acts are within it."

See Mechanics' Bank v. N. Y. & N. H. R. R., 13 N. Y. 599–634; Bickford v. Menier, 107 N. Y. 490, 14 N. E. 438. See, also, Figueira v. Lerner, 52 App. Div. 216, 217, 218, 65 N. Y. Supp. 293.

The defendant has failed to offer legal proof that Beare was acting as an agent in this transaction, nor has it brought home to the attention of the plaintiff that it had not within a reasonable time thereafter (after the receipt of the alleged order) the nondelivery of the lumber as called for therein.

[5, 6] One who deals with a special agent specially authorized for that transaction is put upon inquiry as to the extent of the agent's authority, and deals with him at the risk of his authority being exceeded. Nester v. Craig, 69 Hun, 543, 23 N. Y. Supp. 948. And even if the agent exceeds his actual or apparent authority, although the transaction may be beneficial to his principal, said principal would not be liable. Timpson v. Allen, 149 N. Y. 519, 44 N. E. 171.

[7] There is authority for the fact that authority of an assumed agent to make a purchase will be implied where the alleged principal has repeatedly recognized and approved of similar acts; still a single act done under express authority is insufficient to justify the inference that the assumed agent has the apparent authority to subject the alleged principal to liability upon subsequent purchases made without actual authority. Greenfield v. Herrman, 72 Misc. Rep. 406, 130 N. Y. Supp. 132, citing Woods v. Francklyn (Com. Pl.) 19 N. Y. Supp. 377.

The court concludes that the motion for a new trial must therefore be denied. Said defendant may have an exception to court's ruling, with a stay of 10 days of execution and 30 days to perfect a case. Submit order on one day's notice.