JULIUS COTTON and K. C. HAUSER, Appellants,
v. VAN GORRELL, Respondent.

**Kansas City Court of Appeals, May 18, 1914.**

1. **REPLEVIN: Agister's Lien: Feed for Cattle.** The plaintiffs sued in replevin to recover certain cattle, which they placed in the defendant's field for feed. The plaintiff did not remove them when the feed in that field was consumed and the defendant was compelled to provide feed for them, for which he claimed a right to the possession of the cattle under an agister's lien. *Held*, that the plaintiffs impliedly contracted to pay the reasonable value of the feed and attention which defendant was forced to give them to prevent loss and damage to their owner.

2. ———: **Principal and agent.** The principal is bound by his agent's acts when he justifies the party dealing with his agent in believing that he has given his agent the authority to do those acts.

3. **INSTRUCTIONS: Favorable to Giver.** One who requests the giving of an instruction which is favorable to him beyond his deserts has no right to complain.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Hall, Robertson & O'Bannon* for appellants.

(1)   Although a principal is bound by his agent's acts when he has clothed his agent with apparent authority, he is not responsible for the acts of the

agent in matters in which he has not clothed him with the appearance of authority, or for the appearances of authority which he himself did not cause. 31 Cyc., Principal and Agent, 1205 and 1206; Figueira v. Lerner, 65 N. Y. S. 293; Mitchem v. Dunlap, 98 Mo. 418. (2) If a third party has knowledge of the restricted authority of an agent, in dealing with that agent he is bound thereby. Reynolds v. Railroad Co., 114 Mo. App. 675; Hackett v. Van Frank, 105 Mo. App. 396; Ward v. Trustees, 61 Atl. 652. (3) Authority will not be presumed to be in an agent to contract from the mere possession of the property. Pollock v. Hannauer, 26 Mo. App. 263; Tucker v. Railroad, 54 Mo. 177; Brown v. Railroad, 67 Mo. 122; Maberry v. Railroad, 75 Mo. 492; Farber v. Railroad, 32 Mo. App. 378. (4) Agency cannot be proved by the statement of an agent. Hackett v. Van Frank, 105 Mo. App. 384; Pease v. Fink, 85 Pac. 657; Ward v. Trustee, 61 Atl. 652.

*George F. Longan* for respondent.

JOHNSON, J.—Plaintiffs sued in replevin to recover certain cattle they alleged were wrongfully detained by defendant. Defendant admitted plaintiffs were the owners of the cattle but claimed a right to the possession of them under an agistor's lien. The jury returned a verdict that defendant "has a special interest in the cattle in controversy in the total sum of $91.87." Judgment was rendered for defendant accordingly and plaintiffs appealed.

Defendant, a farmer of Pettis county, received sixty-seven head of two and three-year-old cattle from plaintiffs, who were in the business of feeding and dealing in cattle, and kept them on his farm from December 16, 1909, to January 12, 1910. First, he turned them into a stalk field of forty acres and they consumed the feed in that field in a week, after which

defendant was compelled to provide other feed and give them necessary attention for almost three weeks longer. Plaintiffs did not deliver the cattle to defendant in person but sent them in charge of an agent who said to defendant, "Here are some cattle Hauser (one of the plaintiffs) sent down to you from Gentry's for you to take care of for him; to turn them over to you."

Defendant took the cattle, fed and cared for them and did not see or hear from plaintiffs until January 7th when Hauser visited the farm. Defendant charged five cents per day for each head of cattle and his evidence tends to show that his services and the feed he provided were of that value. Plaintiffs contend that the cattle were delivered to defendant pursuant to an oral contract entered into three days before delivery, by the terms of which they agreed to pay defendant twenty dollars for the privilege of turning the cattle into the stalk field of forty acres and keeping them there until the feed therein should be consumed. The conversation between Hauser and defendant which plaintiffs claim constituted the contract occurred in a dramshop in Sedalia. Hauser testified that defendant said, "I have sold my cattle and I will sell you the stalks for twenty dollars. I will sell you the stalks." Hauser replied: "If Chipley will deliver the cattle, I will take the stalk field at twenty dollars." Three days later plaintiffs sent the cattle to defendant in charge of Chipley who delivered them with the statement above quoted.

The conversation in the dramshop as related by defendant was as follows: Hauser inquired of defendant, "Mr. Gorrell, can you tell me where I could get some feed? I have my cattle up at Mr. Gentry's and they are eating their heads off and I have to move them." "I says, 'Hauser, I have a stalk field that has been partially picked that I would sell you.' He says, 'What will you take for it?' I told him twenty dollars. He just stood there and didn't say anything. I says,

'Hauser, the people there are going to move away and I won't have that field except while he stays there, and you must let me know by tomorrow whether you will take the field or not.' He went away and never said whether he was going to take the field or not.'' Further defendant stated that on the day the cattle were brought to the farm ''I received a long distance telephone from Hughesville stating 'I will be there with cattle; be there to receive them. George Chipley.' ''

The court refused to admit expert evidence on the subject of the length of time a forty-acre stalk field partially picked would support sixty-seven head of cattle, but the facts and circumstances in evidence abundantly support the inference that the feed in the stalk field did not last more than a week and that plaintiffs, as experienced feeders, knew that if defendant kept the cattle longer than a week he would be compelled to provide other feed for them. In such view of the facts it would seem too plain for discussion that plaintiffs are wholly without justification in their position that the extent of the agistor's lien must be measured by the consideration they say defendant agreed to accept for the stalk field.

Concede, for argument, that there was such an agreement and that defendant received the cattle pursuant thereto, still he did not become bound to keep the cattle at his own expense after the consumption of the feed contracted for and until plaintiffs should find it convenient to relieve him of them. In failing to take the cattle away on the exhaustion of the field, or to arrange with defendant for their subsequent feeding, plaintiffs impliedly contracted to pay the reasonable value of the feed and attention which defendant was forced to give them to prevent loss and damage to their owners. As we said in Powers v. Botts, 63 Mo. App. l. c. 289, ''It is enough to charge plaintiff with an implied contract to pay for the keeping that he voluntarily consented to the stock remaining as they had

been in defendant's pasture." The failure of plaintiffs to take the cattle away at the expiration of the time the alleged contract contemplated they were to remain was not, in effect, a direction to defendant to allow them to starve or suffer for lack of proper care and attention but was an implied direction to him to care for them at the expense of their owners.

The instructions of the court to the jury, especially the instructions given at the request of plaintiffs, were far more favorable to them than the views we have expressed would warrant. In effect the jury were told to find for plaintiffs in any event if they believed that the conversation in the dramshop was as stated by plaintiffs and that the cattle were received by defendant in pursuance of the agreement they say was entered into on that occasion; and the instructions given on behalf of defendant presented substantially the same issue and permitted a recovery by him in excess of twenty dollars only upon the hypothesis that he received the cattle "under no other contract than that they were to be pastured and fed." In deciding the issue thus submitted in favor of defendant the jury accepted his version of the conversation in the dramshop and found that he did not receive the cattle pursuant to an agreement to sell the feed in the stalk field for twenty dollars, but did receive them in compliance with a request of plaintiffs, communicated by their agent at the time of the delivery. If the facts were as stated by defendant, the delivery occurred two days after the expiration of the time he fixed for the acceptance of his offer to sell the stalk field and the terms of delivery stated by the agent of plaintiffs were inconsistent with the idea that they were delivering the cattle with the intent that defendant would accept them under an offer which had not been accepted in accordance with its terms.

There is no merit in the argument that the evidence shows the agent of plaintiffs exceeded his au-

thority in the message he delivered relating to the terms of the agistment. It is conceded he had authority from plaintiffs to deliver the cattle to defendant and in the absence of any agreement between the parties defendant was justified in relying on the appearance of authority the agent had to state the terms on which his principal had directed him to deliver the cattle. The principal is bound by his agent's acts when he justifies the party dealing with his agent in believing that he has given his agent" the authority to do those acts, and while it is true a principal is responsible only for the appearance of authority which he has caused himself and not for an appearance caused only by the agent (Figueira v. Lerner, 65 N. Y. Supp. 293), the appearance of authority in the present case was clearly referable to the act of the principals in sending the catte by the agent for agistment without any contract or agreement with the agistor.

The instructions, as we have pointed out, favored the plaintiffs beyond their deserts and since we find no error prejudicial to them in the record it follows that the judgment must be affirmed. It is so ordered.

All concur.