OPINION OF THE COURT
Wayne Saitta, J.
Plaintiff submits an application for an order of reference for the premises located at 639 East 91st Street, Brooklyn, New York (block 4751, lot 31, County of Kings).
Upon reading the affirmation of Linda P Manfredi, Esq., counsel for the plaintiff, dated November 20, 2008, together with plaintiffs memorandum of law, dated November 19, 2008, together with the proposed ex parte order appointing a referee to compute, and all exhibits annexed thereto, the application is denied without prejudice, with leave to renew upon providing the court with proof of the grant of authority from the original mortgagee to Mortgage Electronic Registration Systems, Inc. (MERS) specifically to act in its interest as related to the secured loan which is the subject of this action.
Plaintiff seeks summary judgment to foreclose upon the property located at 639 East 91st Street (block 4751, lot 31) in Kings County.
In order to establish prima facie entitlement to summary judgment in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of default. (Capstone Bus. Credit, LLC v Imperia Family Realty, LLC, 70 AD3d 882 [2d Dept 2010].) The Second Department has also required a showing that the mortgage was valid. Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793 [2d Dept 2008].)
In this case, defendant Sameeh Alderazi borrowed $408,000 from “America’s Wholesale Lender” on January 25, 2007. The mortgage was recorded in the Office of the City Register, New York City Department of Finance, on February 14, 2007. MERS was referred to in the mortgage as nominee of the mortgagee, America’s Wholesale Lender, for the purpose of recording the mortgage.
MERS purported to assign the mortgage to plaintiff Bank of New York on July 23, 2008. The assignment was recorded on September 19, 2008. The assignment was executed by “Keri Selman, Assistant Vice President of MERS, as authorized agent pursuant to Board of Resolutions and/or appointment.” However, no resolution or other proof of authority was recorded with the assignment or submitted to the court.
*378 A party cannot foreclose on a mortgage without having title, giving it standing to bring the action. (See Kluge v Fugazy, 145 AD2d 537, 538 [2d Dept 1988] [holding that a “foreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity”]; Katz v East-Ville Realty Co., 249 AD2d 243 [1st Dept 1998] [holding that “(p)laintiff s attempt to foreclose upon a mortgage in which he had no legal or equitable interest was without foundation in law or fact”].)
“To have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage.” (HSBC Bank USA, N.A. v Yeasmin, 19 Misc 3d 1127[A], 2008 NY Slip Op 50924[U], *3 [2008].) “No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it.” (Id., quoting Tawil v Finkelstein Bruckman Wohl Most & Rothman, 223 AD2d 52, 55 [1st Dept 1996] and citing Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612 [2d Dept 2004].)
The claim in this case is that the mortgage was assigned by MERS, as the nominee, to the plaintiff. However plaintiff submits no evidence that America’s Wholesale Lender authorized MERS to make the assignment. MERS submits only its own statement that it is the nominee for America’s Wholesale Lender, and that it has authority to effect an assignment on America’s Wholesale Lender’s behalf.
The mortgage states that MERS is solely a nominee. The plaintiff, in its memorandum of law, admits that MERS is solely a nominee, acting in an administrative capacity.
In its memorandum, plaintiff quotes the court in Schuh Trading Co. v Commissioner of Internal Revenue (95 F2d 404, 411 [7th Cir 1938]), which defined a nominee as follows: “the word nominee ordinarily indicates one designated to act for another as his representative in a rather limited sense. It is used sometimes to signify an agent or trustee. It has no connotation, however, other than that of acting for another, or as the grantee of another.” (Emphasis added.) Black’s Law Dictionary 1076 (8th ed 2004) defines a nominee as “[a] person designated to act in place of another, [usually] in a very limited way.” Agency is a fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. (Hatton v Quad Realty Corp., 100 AD2d 609 [2d Dept 1984].) *379 “[A]n agent constituted for a particular purpose, and under a limited and circumscribed power, cannot bind his principal by an act beyond his authority.” (Andrews v Kneeland, 6 Cow 354, 357 [NY Sup Ct 1826].)
MERS, as nominee, is an agent of the principal, for limited purposes, and has only those powers which are conferred to it and authorized by its principal.
In the mortgage in this case, MERS claims, as nominee, that it was granted the right “(A) to exercise any or all of those rights, including, but not limited to the right to foreclose and sell the Property, and (B) to take any action required of the Lender including, but not limited to, releasing and canceling this Security Instrument.” However, this language quoted by MERS is found in the mortgage under the section “BORROWER’S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY” and therefore is facially an acknowledgment by the borrower. The fact that the borrower acknowledged and consented to MERS acting as nominee of the lender has no bearing on what specific powers and authority the lender granted MERS. The problem is not whether the borrower can object to the assignee’s standing, but whether the original lender, who is not before the court, actually transferred its rights to the plaintiff. To allow a purported assignee to foreclose in the absence of some proof that the original lender authorized the assignment would throw into doubt the validity of title of subsequent purchasers, should the original lender challenge the assignment at some future date.
Furthermore, even accepting MERS’ position that the lender acknowledges MERS’ authority to exercise any or all of the lender’s rights under the mortgage, the mortgage does not convey the specific right to assign the mortgage. The only specific right enumerated in the mortgage is the right to foreclose and sell the property. The general language “to take any action required of the Lender including, but not limited to, releasing and canceling this Security Instrument” is not sufficient to give the nominee authority to alienate or assign a mortgage without getting the mortgagee’s explicit authority for the particular assignment. Alienating a mortgage absent specific authorization is not an administrative act.
Plaintiff submitted no other documents which purport to authorize MERS to assign or otherwise convey the right of the mortgagee to assign the mortgage to another party.
A party who claims to be the agent of another bears the burden of proving the agency relationship by a preponderance *380 of the evidence (Lippincot v East Riv. Mill & Lbr. Co., 79 Misc 559 [1913]), and “[t]he declarations of an alleged agent may not be shown for the purpose of proving the fact of agency.” (Lexow & Jenkins v Hertz Commercial Leasing Corp., 122 AD2d 25 [2d Dept 1986]; see also Siegel v Kentucky Fried Chicken of Long Is., 108 AD2d 218 [2d Dept 1985]; Moore v Leaseway Transp. Corp., 65 AD2d 697 [1st Dept 1978].) “[T]he acts of a person assuming to be the representative of another are not competent to prove the agency in the absence of evidence tending to show the principal’s knowledge of such acts or assent to them.” (Lexow & Jenkins v Hertz Commercial Leasing Corp., 122 AD2d at 26, quoting 2 NY Jur 2d, Agency and Independent Contractors §26.)
Plaintiff has submitted no evidence to demonstrate that the original lender, the mortgagee America’s Wholesale Lender, authorized MEES to assign the secured debt to plaintiff.
Thus, plaintiff has not made out a prima facie case that it is entitled to foreclose on the mortgage in question. Wherefore, it is ordered that the plaintiffs application for an order appointing a referee to compute amounts due to the plaintiff is denied with leave to renew upon proof of authority.