■ James W. Hole, Appellant, v General Motors Corporation, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered April 30, 1980 in Madison County, which, inter alia, granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. This litigation arose from plaintiff's purchase, on April 14, 1977, of a new Pontiac Safari station wagon manufactured by the Pontiac Division of defendant General Motors Corporation (hereafter G M) from the Rick Morris Chevrolet-Pontiac, Inc., dealership (hereafter Morris), a duly authorized franchisee located in Cazenovia, New York. The Safari apparently functioned in a fairly satisfactory, though not perfect, manner until approximately December 21, 1977 when operational problems developed. Various repairs which were effected during the winter of 1978 failed to resolve the difficulties and, in April of 1978, plaintiff informed Morris and its service manager that the car was out of alignment. Subsequent inspections by Morris and others allegedly revealed that the frame member on the right side was three-eighths of an inch shorter than the left side member, that the rear axle was offset from the front axle, and that the body was not properly aligned to the frame when affixed to the chassis. Correspondence between plaintiff's attorney and G M indicates that G M, in accordance with its "Limited Warranty on New 1977 Pontiac Cars", made offers to strip and rebuild the Safari and to make whatever repairs might be necessary at no

charge to plaintiff. These offers were flatly rejected by plaintiff who advised G M that he was rescinding the entire transaction and that G M could either provide him with a new Safari or refund to him in cash the entire purchase price. In declining to accept either of plaintiff's alternatives, G M indicated its continued willingness to make all necessary repairs at plaintiff's earliest convenience and at G M's expense. Plaintiff again rejected the offer and returned the vehicle to Morris. With these circumstances prevailing, plaintiff instituted this action against G M only and in his complaint alleged causes of action for breach of the implied warranty of merchantability by G M, breach of an express warranty, and for negligence. The complaint seeks damages in the sum of $12,000, plus attorney's fees. G M, urging that plaintiff suffered no personal injury and only economic loss and that it did not breach the terms of its express warranty since it concededly offered to rebuild or repair at no expense to plaintiff and at his convenience, moved for summary judgment dismissing the complaint. Plaintiff cross-moved to amend his complaint to add Morris as a defendant and to add a cause of action in strict products liability. Special Term granted summary judgment dismissing the complaint without prejudice to plaintiff instituting an action against Morris. Plaintiff appeals from that part of the order granting summary judgment to G M. We turn first to the alleged breach by defendant of the implied warranty of merchantability. Perusal of plaintiff's complaint reveals without doubt that plaintiff seeks only to recover for economic loss and that no personal injury is claimed, and that plaintiff was not in privity of contract with G M. Section 2-318 of the Uniform Commercial Code (as amd by L 1975, ch 774, § 1), entitled "Third Party Beneficiaries of Warranties Express or Implied", provides as follows: "A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." The question thus presented is whether the implied warranties of merchantability and fitness run from a manufacturer to a remote purchaser, not in privity with the manufacturer, who has sustained no personal injury but only economic loss. Our interpretation of the above statute leads us to conclude that it does not permit a plaintiff, not in privity, to recover upon the breach of an implied warranty of merchantability unless the claim of the remote user is for personal injuries. In *Potsdam Welding & Mach. Co. v Neptune Microfloc* (57 AD2d 993), without specifically deciding whether section 2-318 of the Uniform Commercial Code or its amended version (L 1975, ch 774, § 1) applied, we held that a cause of action based on the breach of an implied warranty does not exist when there is no seller-buyer relationship or sales contract between the parties and the plaintiff is not "injured in person" (see *Mendelson v General Motors Corp.*, 105 Misc 2d 346; *Maure v Fordham Motor Sales,* 98 Misc 2d 979). The statute is clear and affords relief to one "who is injured in person". To extend the seller's implied warranty to remote parties not in privity so as to permit recovery for economic loss would impair traditional rights of parties to make their own contract and discard the principle that a buyer should pick his seller with care and recover any economic loss from that seller. While the citadel of privity has been shaken *(Randy Knitwear v American Cyanamid Co.,* 11 NY2d 5), it has not been altogether razed, and plaintiff's reliance upon *Randy Knitwear (supra)* on the issue of implied warranty is misplaced for that case dealt solely with express warranties. Special Term's dismissal of the cause of action for alleged breach of implied warranty is affirmed. As to the dismissal of the cause of action for breach of express warranty, a similar result must obtain. Review of the record demonstrates that the only express warranty alleged to have been made by G M to plaintiff was that contained in the "Limited Warranty on New 1977

Pontiac Cars". It is uncontroverted that G M made several offers to repair and since plaintiff rejected these offers and never presented G M with the opportunity to comply with the express warranty, he cannot now be heard to claim its breach. Again, the same result must obtain as to the cause of action for negligence and strict products liability sought to be added by amendment. Inasmuch as the complaint alleges only economic loss, plaintiff has no cause of action in negligence or strict products liability *(Martin v Dierck Equip. Co.,* 43 NY2d 583; see *Seely v White Motor Co.,* 45 Cal Rptr 17; but see *Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221). As stated in *Steckmar Nat. Realty & Inv. Corp. v Case Co.* (99 Misc 2d 212, 214), fundamental economic loss is not the character of harm contemplated by the rule which renders a manufacturer liable for negligence or strict products liability. While the result may seem unjust, it must be remembered that plaintiff was not without an adequate remedy. Had he held G M to its express though limited warranty, he could have been made whole again for if G M failed to fulfill its obligation under that warranty, plaintiff would have been entitled to then demand either a refund or a new replacement (US Code, tit 15, § 2304, subd [a], par [4]). In addition, he would have been entitled to attorney's fees and other relief in either Federal or State court (US Code, tit 15, § 2310, subd [d]). By rejecting G M's offer, plaintiff has stripped himself of any opportunity for relief against G M. Order and judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.