■ ARTHUR JAFFEE ASSOCIATES, Respondent, v BILSCO AUTO SERVICE, INC., Defendant, and LANCIA OF AMERICA, Division of Fiat Motors of North America, Inc., Appellant. — Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: Special Term improperly denied Fiat's motion for summary judgment pursuant to CPLR 3212. There is no factual issue regarding the validity of Fiat's disclaimer which requires a trial. Plaintiff purchased a used 1975 Lancia from Bilsco, an authorized dealer. Fiat was not a party to this sale. The express warranty upon which plaintiff relies clearly states that "it is given solely [o]n behalf of the Dealer and no one else, and is expressly in lieu of and excludes and supersedes any warranty of merchantability or fitness, and all other warranties and representations, express or implied, from the Dealer, the wholesale Distributor, the Importer or the Manufacturer". Fiat made no express warranty on behalf of itself (see Uniform Commercial Code, § 2-313), and none was implied by the circumstances in this record (see Uniform Commercial Code, § 2-103, subd [1], par [d]; §§ 2-314, 2-315). The question of whether the disclaimer was "conspicuous" is one for the court's determination (Uniform Commercial Code, § 1-201, subd [10]). The deposition of Marvin Raskin, a dealer employee, relied upon by the plaintiff, may not be used to contradict the express and unambiguous terms of the written warranty (Uniform Commercial Code, § 2-202). It does not constitute evidentiary proof in admissible form; consequently it should not be considered to defeat summary judgment (*Pennsylvania Gas Co. v Secord Bros.,* 73 Misc 2d 1031, affd 44 AD2d 906). While parol evidence is admissible to prove a condition precedent to the legal effectiveness of a contract, it must not contradict, vary or negate the writing (*Zugarek v Walck,* 54 AD2d 1074). Furthermore, because it sustained economic loss only, plaintiff, who is not in privity with Fiat, may not recover on a claim of breach of implied warranty (*Hole v General Motors Corp.,* 83 AD2d 715.) (Appeal from order of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.