■ ROBERT GALE, Appellant, v STEVEN KESSLER et al., Respondents. MANHATTAN LEASING SYSTEMS, INC., Plaintiff, v ROBERT GALE, Appellant. — Order, Supreme Court, New York County (Shainswit, J.), entered February 9, 1982, granting defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, without costs, to the extent of denying the cross motion for summary judgment dismissing the complaint as against Steven Kessler and Steven Kessler Motor Cars, Inc., reinstating the complaint only as against those defendants, except so much thereof as seeks punitive damages, and otherwise affirmed. We find the record to raise sufficient triable issues so as to the preclude summary judgment in favor of Steven Kessler and Steven Kessler Motor Cars, Inc. The affidavits and supporting proof submitted before Special Term raise in issue whether there were fraudulent misrepresentations in connection with plaintiff's lease of a 1978 TVR Roadster. After negotiations between plaintiff and Kessler, and by arrangement, the vehicle was sold by Kessler to Manhattan Leasing Systems, which, in turn, leased it to plaintiff. The lease agreement with Manhattan Leasing specifically excludes any express or implied warranties, either of merchantability or fitness for use, explicitly providing that the vehicle was leased "AS IS". The use of such limiting language amounts to an exclusion of all implied warranties. (Uniform Commercial Code, § 2-316; see 51 NY Jur, Sales, § 181.) Therefore, there is no basis for liability as against Manhattan Leasing in the absence of any representations by it. However, there are factual issues, relating to the claims by plaintiff that there were material misrepresentations by Kessler and by Kessler Motor Cars that cannot be resolved solely upon the

affidavits submitted before Special Term. As has been frequently observed, the court's function upon a motion for summary judgment is issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727). Summary judgment is a drastic remedy which should not be granted where there is any doubt of the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944), or where the issue is even arguable (*Barrett v Jacobs,* 255 NY 520, 522). Furthermore, it is clear on this record that there may be no recovery for punitive damages. The complaint alleges that the representations were made "tortiously, deliberately, maliciously and/or willfully with intent to deceive and defraud plaintiff". Such allegations, however, do not authorize a recovery of punitive damages. The law in this State is clear that recovery of exemplary damages in an action for breach of contract is not authorized where only a private wrong and not a public right is involved or in the "ordinary" fraud case. To recover punitive damages in an action for fraud, it must appear that the fraud was upon the general public, that is, "aimed at the public generally, is gross and involves a high degree of moral culpability." (See *Walker v Sheldon,* 10 NY2d 401, 405; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858; *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co.,* 91 Misc 2d 683, affd 60 AD2d 800.) No such showing has been made. Concur — Kupferman, J. P., Asch, Silverman, Bloom and Kassal, JJ.