■ LAWRENCE MILLER et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Nadel, J.), entered February 18, 1983, which denied defendant General Motors' motion pursuant to CPLR 3211 (subd [a], par 7) and 3016 (subd [b]) to dismiss the second through the seventh causes of action of plaintiffs' complaint and which granted plaintiffs' cross motion to amend the second through the seventh causes of action of the complaint is modified, on the law, to dismiss the second cause of action of the amended complaint and to strike paragraph 62 of the sixth cause of action thereof and is otherwise affirmed, without costs or disbursements. Each of the plaintiffs purchased a new 1981 Cadillac with a V8-6-4 engine from the defendant dealer, Potamkin Cadillac Corp. The cars were manufactured by defendant General Motors. The original complaint, in this uncertified class action, alleges various engine defects. Potamkin answered. General Motors did not, moving instead to dismiss, Potamkin joining in the motion. Plaintiffs opposed and moved to serve an exhibited amended complaint which sought to add to the original the allegation that Cadillac dealers were agents of General Motors for warranty repairs and other related purposes. Otherwise, the amended complaint pleaded the same causes of action as the original and, like the original, made no claims for personal injury but sought recovery only of alleged economic loss and punitive damages. Special Term correctly found that plaintiffs could amend their complaint as of right against General Motors because it had not answered (see CPLR 3025, subd [a]). Leave to amend was found necessary as to Potamkin which had answered. Leave was granted which Potamkin has not appealed. The court then addressed the motion as one directed against the amended complaint, and it dismissed the first cause of action. The plaintiffs have not appealed. The court denied dismissal of the remaining causes of action. The second cause of action of the amended complaint alleges a breach of an implied warranty of merchantability. Special Term sustained it against General Motors, holding that "[p]rivity with the intended user is not necessary under a manufacturers [*sic*] implied warranty of fitness", citing *Goldberg v Kollsman Instrument Corp.* (12 NY2d 432). *Goldberg,* unlike the present action, was a personal injury case, but, be that as it may, its holding has since been defined and refined to the point where the Court of Appeals has stated in *Martin v Dierck Equip. Co.* (43 NY2d 583, 589-590) that "a plaintiff who is not in privity with the seller of the product which is alleged to have caused his injury possesses a cause of action in negligence or strict products liability as opposed to what has often been incorrectly labeled breach of warranty". Where, as here, the suit has been one to recover for economic loss, it has consistently been held that a cause of action does not lie against a remote manufacturer for the breach of an implied warranty (*Jaffee Assoc. v Bilsco Auto Serv.,* 89 AD2d 785, affd 58 NY2d 993; see, also, *Hole v General Motors Corp.,* 83 AD2d 715; *Mendelson v General Motors Corp.,* 105 Misc 2d 346, affd 81 AD2d 831). The second cause of action is not saved by plaintiffs' amendment alleging that Potamkin was an agent of General Motors. The agency alleged was only for "warranty [repairs] and other related purposes", not for the sale of the automobiles which is the only relevant point on a breach of an implied warranty claim. Finding no implied warranty we must also strike paragraph 62 of the sixth cause of action alleging the existence of such a warranty. We find no merit to the other points raised on General Motors' appeal. Concur — Sandler, Sullivan and Lynch, JJ.

Kupferman, J. P., and Ross, J., dissent in part in a memorandum by Kupferman, J. P., as follows: I would affirm. The majority begs the question when it is stated "that a cause of action does not lie against a *remote manufacturer* for the breach of an implied warranty". (Italics added.)[*] The defendant manufacturer here is the one that the purchaser relied on in buying the product involved. It is alleged that a specific 1981 Cadillac engine known as V8-6-4 was defective to the knowledge of the manufacturer. In *Gherna v Ford Motor Co.* (246 Cal App 2d 639, 652), the court said: "As to the warranty of merchantability, it becomes apparent that manufacturers who enter in promotional activities to stimulate consumer buying may thereby incur both express and implied warranty obligations." In considering the *Gherna* case, in a note on the subject of product defect-privity (Ann., 16 ALR3d 685, 699), it is stated: "§ 6. Implied warranty. Breach of implied warranty of merchantability or of fitness for intended use has often been recognized as a proper ground of recovery against a remote supplier in actions for product damage other than personal injury or damage to property other than that purchased. In at least one of these cases, the recovery sought appeared to be purely the value of the lost bargain, that is, the difference between the value of the property as impliedly warranted and its value in its actual condition at the time of purchase." In *State of New York v General Motors Corp.* (48 NY2d 836), it was determined that summary disposition was not proper with respect to the contention of misleading advertising. Similarly here, the plaintiff should have the opportunity of demonstrating that customers, although dealing with a franchised agent, are, for practical purposes, relying on and dealing with the manufacturer.

* We are here dealing with an allegedly defective product alone and not with any injury caused thereby. (Uniform Commercial Code, § 2-318; see Survey of New York Practice, Uniform Commercial Code, Article 2-Sales, 57 St. John's L Rev 805, 832.)