■ LEXOW & JENKINS, P. C., Appellant, v HERTZ COMMERCIAL LEASING CORPORATION, Also Known as HCL LEASING CORPORATION, et al., Respondents.—In an action, *inter alia,* to recover damages for breach of implied warranties of fitness and merchantability, the plaintiff appeals from an order of the Supreme Court, Rockland County (Colabella, J.), entered March 12, 1985, which (1) granted the motion of the defendant Toshiba America, Inc. (hereinafter Toshiba), pursuant to CPLR 3211 (a) (7), to dismiss the causes of action asserted against Toshiba (first and third causes of action), and (2) denied the plaintiff's cross motion, pursuant to CPLR 3211 (a) (7), to dismiss the four counterclaims against the plaintiff asserted by the defendant ZNO Corporation (hereinafter ZNO).

Order modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to dismiss the defendant ZNO's third counterclaim, and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, without costs or disbursements.

In July 1982 the plaintiff, a professional corporation, entered into negotiations with representatives of ZNO for the purchase of two copiers for use in its law firm. The copiers were purchased through a lease-purchase agreement with the defendant Hertz Commercial Leasing Corporation (hereinafter HCL), in which agreement ZNO is listed as the vendor. The plaintiff asserts that the copiers were defective, unfit for the use intended and had to be discarded. The plaintiff commenced this action against HCL, ZNO and Toshiba, the manufacturer of the copiers. The claims against Toshiba are set forth in the first and third causes of action grounded in

breach of implied warranties of fitness and merchantability, causing solely economic loss to the plaintiff.

Toshiba moved to dismiss the complaint for failure to state a cause of action. The plaintiff cross-moved on the same ground to dismiss all four counterclaims asserted against plaintiff by the defendant ZNO. Special Term granted Toshiba's motion and denied the plaintiff's cross motion.

Special Term correctly concluded that there was no privity of contract between the plaintiff and Toshiba. It is now settled that no implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury is alleged (*Jaffee Assoc. v Bilsco Auto Servs.,* 58 NY2d 993; *Miller v General Motors Corp.,* 99 AD2d 454, *affd* 64 NY2d 1081; *Hole v General Motors Corp.,* 83 AD2d 715). As stated in *Hole v General Motors Corp.* (*supra,* at p 716): "The question thus presented is whether the implied warranties of merchantability and fitness run from a manufacturer to a remote purchaser, not in privity with the manufacturer, who has sustained no personal injury but only economic loss. Our interpretation * * * leads us to conclude that it does not permit a plaintiff, not in privity, to recover upon the breach of an implied warranty of merchantability unless the claim of the remote user is for personal injuries".

The plaintiff's contention that privity is established because "ZNO represented itself as an authorized agent for TOSHIBA" is misplaced. The declarations of an alleged agent may not be shown for the purpose of proving the fact of agency (*Siegel v Kentucky Fried Chicken,* 108 AD2d 218, *affd* 67 NY2d 792; *Moore v Leaseway Transp. Corp.,* 65 AD2d 697, *affd* 49 NY2d 720). Furthermore, "[t]he acts of a person assuming to be the representative of another are not competent to prove the agency in the absence of evidence tending to show the principal's knowledge of such acts or assent to them" (2 NY Jur 2d, Agency and Independent Contractors, § 26). Here, there is no cognizable proof of an agency relationship that would establish privity between the plaintiff and Toshiba.

With regard to the plaintiff's motion to dismiss ZNO's counterclaims, the third counterclaim is based on allegations that "the plaintiff engaged in a vicious course of action which has denigrated the defendant ZNO Corporation's professional and technical expertise * * * without cause or just reason". This counterclaim is apparently grounded in a slander theory. CPLR 3016 (a) provides that, "[i]n an action for libel or

slander, the particular words complained of shall be set forth in the complaint". Since the third counterclaim fails to set forth "particular words", it must be dismissed. We affirm as to the denial of those branches of the plaintiff's cross motion which were to dismiss ZNO's first, second and fourth counterclaims. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.