PETER F. LUCIANO et al., Respondents, v WORLD-WIDE VOLKS-
WAGEN CORPORATION, Appellant, et al., Defendants.

Third Department, April 9, 1987

1

### APPEARANCES OF COUNSEL

*Gruber & Gruber, P. C. (Simon J. Hauser* of counsel), for appellant.

*Bartlett, Pontiff, Stewart, Rhodes & Judge, P. C. (John W. Caffry* of counsel), for respondents.

### OPINION OF THE COURT

LEVINE, J.

In December 1983, plaintiffs leased a Volkswagen Jetta automobile from defendant Garvey Volkswagen, Inc. (Garvey), an authorized Volkswagen dealer and service facility, under a two-year written lease which provided, *inter alia,* that the vehicle "shall have the benefit of the manufacturer's new car warranties or guarantees that apply to the vehicle or its accessories". The vehicle was manufactured by defendant Volkswagenwerk, AG. (VWAG), imported exclusively by defendant Volkswagen of America, Inc. (VWoA), and distributed by defendant World-Wide Volkswagen Corporation (WWV), the Volkswagen distributor in a tri-State area, including New York. A buyer's express, 12-month, limited new car warranty

covering the vehicle was issued by VWoA, which contained a statement in prominent, bold-faced type that it was "IN LIEU OF ALL OTHER EXPRESS WARRANTIES OF VWOA, THE MANUFACTURER, THE DISTRIBUTOR AND THE SELLING DEALER * * * NEITHER VWOA NOR THE MANUFACTURER ASSUMES, OR AUTHORIZES ANY PERSON TO ASSUME, ON ITS BEHALF, ANY OTHER OBLIGATION OR LIABILITY".

Immediately after the lease was entered into, Garvey transferred title to the vehicle and assigned its entire interest in the lease, including the right to receive plaintiffs' monthly rental payments thereunder, to Key Capital Corporation (Key). After some seven allegedly separate instances of serious mechanical breakdown of the vehicle, the first six of which were followed by fruitless efforts by Garvey's service department to correct the defects, plaintiffs sought relief through defendants' arbitration program established pursuant to New York's new car Lemon Law (General Business Law § 198-a). WWV, however, refused to arbitrate on the sole ground that the vehicle was leased. Thereafter, plaintiffs obtained an assignment from Key, the then record owner, of any and all rights of Key against the manufacturer, dealer or distributor with respect to the defective vehicle. Plaintiffs then brought the instant action, in which they have asserted causes of action against all defendants for breach of express and implied warranties and under the Lemon Law, and a cause of action against Garvey for negligent repair. Plaintiffs' prayer for relief seeks compensatory damages on its warranty causes of action and seeks a refund of the full purchase price, including fees and counsel fees and punitive damages under its Lemon Law cause of action. WWV appeals from Supreme Court's denial of its motion for summary judgment dismissing the complaint as against it.

In our view, summary judgment should have been granted dismissing all causes of action against WWV. As to plaintiffs' cause of action for breach of express warranty, the evidence establishes that WWV acted only as a distributor in the original sale and that the written, new car warranty was not issued in its name. Any other express obligation on WWV's part is negated by the conspicuous disclaimer, previously quoted, in the limited new car warranty issued by VWoA. There has been no showing that WWV made express representations as to the quality of the vehicle in its own promotional advertising. Consequently, WWV is not liable for breach of express warranty, as a matter of law *(Pronti v DML of*

*Elmira,* 103 AD2d 916, 917; *Jaffe Assocs. v Bilsco Auto Serv.,* 89 AD2d 785, *affd* 58 NY2d 993).

Regarding plaintiffs' claim for breach of implied warranties, undisputably neither plaintiffs nor their assignor, Key, as a subsequent purchaser, was in privity with WWV. This is fatal to an action based in implied warranty when the damages are solely for economic loss *(Jaffe Assocs. v Bilsco Auto Serv.,* 58 NY2d 993, 995, *supra; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728, 730, *appeal dismissed* 67 NY2d 757).

We are unpersuaded by plaintiffs' contention that a triable issue on WWV's liability for breach of warranty arises out of the fact that one of its representatives may have contacted plaintiffs regarding their complaints and inspected the vehicle. The warranty document issued for the vehicle clearly shows that WWV's role regarding customer complaints is solely as the agent or representative of VWoA, the express warrantor. Without explicit evidence that WWV, as agent, intended individually to be bound regarding the warranties, its acting as agent for a disclosed principal regarding repairs of defects is insufficient to establish sales warranty liability *(see, Spain v Howard Holmes, Inc.,* 108 AD2d 741, 742-743; *Miller v General Motors Corp.,* 99 AD2d 454, *affd* 64 NY2d 1081).

Plaintiffs' cause of action for a refund on the purchase price of the vehicle under the Lemon Law must also fail. As previously noted, there is nothing in the record which would establish that WWV was anything more than an agent of VWAG or VWoA in this entire transaction, including its rejection of plaintiffs' request for arbitration. Although, under the Lemon Law, a manufacturer's agent may be obligated with respect to repairs of a defective vehicle (General Business Law § 198-a [b]), the law in both its original form (General Business Law former § 198-a [c]) and as amended (General Business Law § 198-a [c] [1], as amended by L 1986, ch 799, § 3) imposes liability for a refund only upon the manufacturer. While it is clearly arguable that VWoA assumed that liability by undertaking the manufacturer's obligations under the new car warranty it issued in its own name, there is no basis for extending the duty to make a refund to a distributor such as WWV. Accordingly, we need not reach the issues of whether the Lemon Law, applicable here in its original form of enactment, could be invoked by a lessee of a new motor vehicle *(cf.,* L 1986, ch 799, § 3), or whether, in any event, plaintiffs, as

assignees, could enforce Key's Lemon Law rights as a purchaser or transferee.

MAHONEY, P. J. (concurring in part and dissenting in part). We are constrained to dissent from that part of the majority's decision that rejects plaintiffs' claim for a refund under the Lemon Law. It is true that, although a manufacturer's agent may be obligated with respect to repairs of a defective vehicle (General Business Law § 198-a [b]), the law in both its original form and as amended (General Business Law § 198-a [c] [1], as amended by L 1986, ch 799, § 3) imposes liability for a refund only upon the manufacturer. However, in this case, the actions of WWV in the settlement procedures and in denying the request for arbitration create questions of fact regarding whether it was acting on behalf of VWoA.

Further, it is our view that plaintiffs did have rights under the Lemon Law as lessees.* The motor vehicle was "transferred to [plaintiffs] during the duration of the express warranty" of VWoA. The express warranty states that "VWoA warrants to the original retail customer". Since the lease provides that "the vehicle shall have the benefit of the manufacturer's new car warranties * * * that apply to the vehicle", it is our view that plaintiffs are the original retail customers within the meaning of General Business Law § 198-a which, prior to its amendment in 1986, defined "consumer" as "the purchaser * * * of a motor vehicle * * * subject to a manufacturer's express warranty [and] any person to whom such motor vehicle is transferred during the duration of an express warranty applicable to such motor vehicle" (General Business Law § 198-a [a] [1]). Thus, giving this section its plain meaning *(Laiosa v Camelot AMC/Jeep,* 113 AD2d 145, 147), the motor vehicle was transferred to plaintiffs during the duration of the express warranty of VWoA.

MAIN and HARVEY, JJ., concur with LEVINE, J.; MAHONEY, P. J., and MIKOLL, J., concur in part and dissent in part in an opinion by MAHONEY, P. J.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant World-Wide Volkswagen Corporation's cross motion; cross motion granted and summary judgment awarded to said defendant dismissing the complaint against it; and, as so modified, affirmed.

---

* The Lemon Law was recently amended to extend its protection to lessees (L 1986, ch 799, § 1). Such amendment is not applicable to this action.