*544 OPINION OF THE COURT
Richard S. Lane, J.
Plaintiffs were purchasers of a Renault Alliance in January 1984. Defendant Manhattan AMC/Jeep, Inc. was the seller; defendant American Motors Sales Corp. was the warrantor.
Plaintiffs sued for return of the purchase price and other damages by reason of (1) violation of the Lemon Law (General Business Law § 198-a); (2) violation of Magnuson-Moss Warranty Act (15 USC § 2301 et seqj; (3) revocation of acceptance (UCC 2-608); and (4) fraud. A cause of action for falsifying mileage under General Business Law § 392-e was withdrawn. No cause of action for simple breach of warranty was pleaded.
Plaintiffs rested after the testimony of Edward Sepulveda. Defendants moved to dismiss for failure of prima facie proof.
Mr. Sepulveda’s testimony unfolded the following picture.
He returned the car to Manhattan AMC/Jeep, Inc. once or twice in February 1984 and once in April 1984 with a number of relatively minor complaints for which satisfactory repairs were made under warranty and without charge. The car was out of service for about 14 days during these repairs.
Commencing in late February 1984 Mr. Sepulveda experienced a series of 10 to 12 stalling incidents which apparently self-corrected after a 5- to 10-minute interval. On May 16th, however, while driving north on the Major Deegan Highway, the car went completely dead and had to be towed back to Manhattan by AMC/Jeep, Inc. It was repaired under warranty again without charge except for a small excess of towing charges over the maximum allowance, and was redelivered to him at the end of the day on Friday, May 18th. Within an hour the same thing happened again. Since Manhattan AMC/ Jeep, Inc. was now closed, the car could not be transferred to it until Monday, May 21st.
Later that day Mr. Sepulveda had a long conversation with Manhattan AMC/Jeep’s service manager. He was assured that the car would be fixed but, since there were a lot of cars ahead of his and since the source of the trouble had not yet been determined, no time commitment could be given. In the end he announced that he had lost confidence in the car and had become apprehensive of his and his family’s safety in the car, and he demanded a replacement vehicle or refund of his purchase price.
In a subsequent conversation with Manhattan AMC/Jeep’s *545 service manager about a month later, he was informed that the car was ready and should be picked up to avoid further storage charges, but he reiterated that he did not want it.
The difficulty with plaintiff’s Lemon Law complaint is that the remedy thereunder runs only against the manufacturer (General Business Law § 198-a [c] [1]; Levinger v General Motors Corp., 122 AD2d 419). Concededly, neither of the two defendants was the manufacturer. Furthermore, the remedy does not accrue unless the defect is unable to be repaired or corrected after a reasonable number of attempts. Reasonable number of attempts is defined as four or more for the same defect or vehicle out of service for any and all defects for 30 or more days (General Business Law § 198-a [d] [1], [2]). It has not been shown that either limit has been reached, but, more importantly, it has not been shown that the vehicle cannot be repaired. That Manhattan AMC/Jeep failed in its first attempt to repair does not establish that it was likewise unsuccessful on its second attempt. Indeed, the fair intendment of the testimony is to the contrary.
Under the Magnuson-Moss complaint, the remedy runs against the warrantor so a proper party defendant is present in this action. The remedy still does not accrue, however, until it is shown that the defect is unable to be repaired or converted after a reasonable number of attempts (15 USC § 2304 [a] [4]; Hole v General Motors Corp., 83 AD2d 715).
Under UCC 2-608 a purchaser is entitled to revoke his acceptance of goods if:
(a) the goods are nonconforming; and
(b) the nonconformity is not known nor reasonably knowable to him at time of acceptance; and
(c) he gives notice of revocation within a reasonable time after discovery of the nonconformity.
Unfortunately for plaintiffs they have a Scylla and Charybdis problem with respect to requirements (a) and (c). If the stalling commencing in late February 1984 was related to the defect which led to May 16th and May 18th incidents, then it is abundantly clear that a notice of revocation some three months later is not within a reasonable time. If on the other hand the May 16th and May 18th incidents stem from a separate and different defect, then there is no adequate proof that this defect, evidencing itself some four months and 3,000 miles later, existed at the time of purchase. Remoteness in time and space is not necessarily fatal to a finding that a *546 defect existed at time of purchase. A lay jury, however, may not be allowed to speculate without the assistance of expert mechanical testimony which was absent here.
As to the fraud complaint there was a complete dearth of testimony of any knowingly false representation.
The court notes defendants’ contention that, with respect to the Lemon Law and revocation of acceptance complaints, there was an inadequate showing that the defect substantially impaired the value of the vehicle to plaintiffs. At the time Mr. Sepulveda offered to testify about his loss of confidence in and apprehension about the vehicle, I expressed some incredulity that a commercial transaction might rise or fall on the purchaser’s subjective reaction. I allowed the testimony to go before the jury, however, so that plaintiffs’ record might be complete.
That was a fortunate ruling since, on reading the authorities collected in plaintiff’s trial memorandum and other authorities uncovered by independent research, I have moved close to plaintiffs’ position. The issue has apparently never been confronted in the New York cases. However, a comparison between the wording of UCC 2-608 and the wording of the prior similar remedy contained in the Sales Act (Personal Property Law former § 150) together with a reading of the UCC Commentaries makes it clear that a subjective element has been added. The pendulum has not swung all the way. The determination is now subjective in the sense that the needs and circumstances of the individual buyer must be taken into account if not known at the time of purchase. On the other hand his personal belief as to reduced value is not dispositive. A useful articulation of the present standard, in my opinion, has been furnished by the Supreme Court of New Hampshire in Asciolla v Manter Oldsmobile-Pontiac (117 NH 85, 88-89, 370 A2d 270, 273 [1977]): “This section, therefore, creates a subjective test in the sense that the needs and circumstances of the particular buyer must be examined. This determination is not, however, made by reference to the buyer’s personal belief as to the reduced value of the goods in question. The trier of fact must make an objective determination that the value of the goods to the buyer has in fact been substantially impaired”.
As the test is thus articulated, Mr. Sepulveda’s testimony of lack of confidence in and apprehension about the car in light of his needs for transportation certainly creates a jury issue as *547 to substantial impairment of the value of the car to him (see, 4 Anderson, Uniform Commercial Code § 2-608:23 [3d ed]; 67A Am Jur 2d, Sales, § 1205; Annotation, 98 ALR3d 1183; 91 Harv L Rev 960, 977 et seq.).
The court is also not ignoring defendants’ further contention of lack of subject matter jurisdiction of the Lemon Law, Magnuson-Moss, and revocation of acceptance complaints. Defendants cite Ayanru v General Motors Acceptance Corp. (130 Misc 2d 440), wherein my Kings County colleague, Judge Diamond, dismissed a revocation of acceptance case because he was without power to return title to the car to the seller. Similarly, in Curtis v Fordham Chrysler-Plymouth (81 Misc 2d 566), my former Bronx colleague, Judge Levy, gave judgment for defendant in a revocation of acceptance case because plaintiff had failed to submit the transfer stub of his registration when he returned the car to the seller.
Respectfully I disagree with these decisions. Plaintiffs’ cause of action in both of them and here seeks a sum of money only. After justifiable revocation of acceptance the buyer continues to be obligated to exercise reasonable care in holding the goods for the account of the seller, and, more importantly, continues to have a security interest in the goods (UCC 2-602 [2]; 2-608 [3]; 2-711 [3]). The buyer is not the refusenik on the scene; the buyer is entitled to hold off retransfer of title until judgment in his favor and satisfaction thereof. If on offer of satisfaction he fails to simultaneously retransfer title, he would be wrongfully exercising dominion, and the seller would have ample remedies.
Accordingly, I conclude that there is no lack of subject matter jurisdiction (Stream v Sportscar Salon, 91 Misc 2d 99; Carretta v Bud Jack Corp., 64 Misc 2d 689).
However, on the basis of the foregoing, defendants’ motion at the close of plaintiffs’ case is granted, and defendants may have judgment dismissing the causes of action against them, together with costs and disbursements.