■ DONALD D. MONROE, Appellant, v CRABTREE FORD, INC., Respondent, et al., Defendant.—In an action, *inter alia,* to rescind a vehicle rental agreement, the plaintiff appeals from an order of the Supreme Court, Rockland County (Edelstein, J.), dated February 13, 1987, which granted the motion of the defendant Crabtree Ford, Inc. (hereinafter Crabtree) to be relieved of its default in answering the complaint and for leave to serve an answer and denied the plaintiff's cross motion for leave to enter a default judgment against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action on or about May 22, 1986. Crabtree failed to answer, and it was not until December 1986 that Crabtree, upon becoming aware of its default, brought its motion, *inter alia,* to be relieved of its default.

CPLR 2005 authorizes the court to vacate defaults arising from law office failure. In exercising its discretion, the court will require a reasonable excuse for the delay and an affidavit of merit *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). In this case, Crabtree has established both a reasonable excuse for the delay and the existence of a meritorious defense.

Crabtree's delay in answering can be attributed to law office failure. Shortly after the action was commenced, Crabtree's counsel, who was a sole practitioner, moved his office from Nassau County to Westchester County. In addition to the confusion arising from the move, counsel's office was staffed with temporary workers.

Further, since the plaintiff's action was seemingly brought under General Business Law § 198-a, and inasmuch as Crabtree is not the manufacturer of the vehicle in question, it would not necessarily fall within the scope of that statute *(see, Luciano v World-Wide Volkswagen Corp.,* 127 AD2d 1).

Under the circumstances, and in view of the strong public policy which favors the resolution of cases on the merits *(Lindo v Evans,* 98 AD2d 765), we find that Crabtree's motion was properly granted. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.