FRANCES P. DRAGON, Plaintiff, v MONAHAN FORD CORP. OF FLUSHING, Defendant and Third-Party Plaintiff. PONTIAC MOTOR DIVISION OF GENERAL MOTORS CORP., Third-Party Defendant.

Civil Court of the City of New York, Queens County, January 6, 1989

### APPEARANCES OF COUNSEL

*Wood, Williams, Rafalsky & Harris (June R. Williams* of counsel), for third-party defendant. *Mitchell & Incantalupo (Evi F. Iglauer* of counsel), for defendant and third-party plaintiff. *Frances P. Dragon,* plaintiff *pro se.*

### OPINION OF THE COURT

DAVID GOLDSTEIN, J.

Third-party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) is granted.

The action was commenced against a used car dealer, Mona-

han Ford Corp. of Flushing (Monahan), to recover under General Business Law § 198-b, more commonly known as the "Used Car Lemon Law". Monahan served a third-party complaint against the manufacturer, General Motors Corp., claiming a right to contribution under CPLR 1401. General Motors now moves to dismiss the third-party complaint, contending that the third-party complaint fails to state a cause of action, in that there is no privity between plaintiff and General Motors and, therefore, no contractual liability.

Where, as here, recovery is sought for economic loss based upon breach of warranty and no personal injury or property damage is claimed, it has been held that the implied warranties of merchantability and fitness for use, under UCC 2-314 and 2-315, do not extend to a remote purchaser, not in privity with the manufacturer *(Jaffe Assocs. v Bilsco Auto Serv.,* 58 NY2d 993, *affg* 89 AD2d 785; *Luciano v World-Wide Volkswagen Corp.,* 127 AD2d 1; *Lexow & Jenkins v Hertz Commercial Leasing Corp.,* 122 AD2d 25; *Miller v General Motors Corp.,* 99 AD2d 454, *affd* 64 NY2d 1081; *Hole v General Motors Corp.,* 83 AD2d 715; *see also, Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 404, n 3).

General Business Law § 198-b affords to consumers a right to have a vehicle repaired or to obtain reimbursement for certain defects in a used car. While the statutory remedy is directed against the used car dealer, the legislation does not create a cause of action against the manufacturer. Nor does the definition of consumer, in General Business Law § 198-b (1), include one who purchases a vehicle for resale. Thus, neither the purchaser nor the dealer has a right of redress against the manufacturer for economic loss caused by a defect in the automobile. As applied here, defendant may not circumvent the existing bar to any direct action by claiming a right of contribution under CPLR 1401.

Moreover, it is now well established that, in the absence of privity, a right of contribution is not available for breach of contract *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21; *Luciano v World-Wide Volkswagen Corp., supra; Lexow & Jenkins v Hertz Commercial Leasing Corp., supra; Miller v General Motors Corp., supra).* Here, the only liability sought to be imposed against Monahan is for economic loss. In the absence of any claim of privity with plaintiff, the motion to dismiss the third-party complaint must be granted.