OPINION OF THE COURT
Peter Tom, J.
The New Car Lemon Law (General Business Law § 198-a) appears to have a flaw in its application when a consumer brings a legal proceeding against a foreign automobile manufacturer under the facts presented.
Plaintiff purchased a 1988 Mazda automobile from defendant Crabtree, a franchised Mazda car dealer, on or about April 26, 1988. Plaintiff alleges that the automobile failed to start and had to be towed by defendant Crabtree for repairs *660 on six separate occasions and has been out of service for a period of over 30 days from August 11, 1988_through February 23, 1989. Plaintiff brings this action against defendant Grab-tree and defendant Mazda Motors of America, Inc., the distributor of Mazda automobiles in the United States.
Defendant Mazda Motors moves for an order dismissing the complaint, and plaintiff cross-moves for an order amending the summons and complaint to add the manufacturer as a new party defendant and directing that the amended summons and complaint be served upon defendant Crabtree and defendant Mazda Motors as the general agent for the manufacturer of Mazda automobiles.
Plaintiff’s complaint contains three causes of action. The first cause of action is based on General Business Law § 198-a, better known as the New Car Lemon Law.
The New Car Lemon Law was enacted in 1983 to give consumers greater protection and a more effective remedy when defects in a newly purchased automobile substantially impair the value of the vehicle and such defects cannot be remedied after a reasonable number of times. (Givens, Practice Commentary, McKinney’s Cons Laws of NY, Book 19, General Business Law § 198-a, at 311-313.)
Section 198-a provides in relevant part that:
"(b) If a new motor vehicle does not conform to all express warranties during the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle * * *. The manufacturer, its agent or its authorized dealer shall correct said nonconformity, defect, or condition at no charge * * *
"(c) (1) If * * * the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle * * * the manufacturer, at the option of the consumer, shall replace the motor vehicle, or accept return of the vehicle * * * and refund to the consumer the full purchase price”.
General Business Law § 198-a specifically holds the manufacturer liable to the consumer for the replacement of the motor vehicle or the refund of the purchase price if the defects in the car cannot be remedied.
The problem in this case is that the manufacturer of Mazda automobiles is a Japanese corporation located in Hiroshima, Japan. Mazda automobiles are imported and distributed in the United States by defendant Mazda Motors which is a separate *661 and distinct corporation of the Japanese manufacturer and is not a subsidiary of the Japanese automaker.
Plaintiff cannot impose liability upon a distributor of foreign cars to make a refund on the purchase price of a vehicle which allegedly experienced frequent mechanical failures under General Business Law § 198-a. The New Car Lemon Law imposes a duty only upon the manufacturer to make a refund. (Luciano v World-Wide Volkswagen Corp., 127 AD2d 1.)
Accordingly, that portion of the motion by defendant Mazda Motors for an order dismissing plaintiff’s first cause of action against it is granted.
The problem confronting the consumer in this case is in obtaining a personam jurisdiction over an auto manufacturer located in Japan with no subsidiary in the United States. Even if jurisdiction is acquired and a judgment entered, there is the additional problem of enforcing such a judgment in a foreign country. General Business Law § 198-a does not impose any responsibility for replacing the vehicle or refunding the purchase price upon the importer or distributor of foreign cars. The New Car Lemon Law does not address these issues and with the large demand for foreign cars in this country, the factual situation raised in this case can be a recurring problem for consumers.
The branch of plaintiff’s cross motion for an order amending the summons and complaint to add the auto manufacturer, Mazda Motors Corporation, as a new party defendant is granted.
However, that portion of plaintiff’s motion for an order directing that the amended summons and complaint be served upon defendant Crabtree and defendant Mazda Motors as general agent of the manufacturer pursuant to CPLR 311 (1) and deeming such service to be just and proper is denied.
Plaintiff argues that she would entail huge costs and expenses if she had to serve the auto manufacturer with process in Hiroshima, Japan.
CPLR 311 (1) provides that personal service upon a domestic or foreign corporation shall be made by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service”.
The mere fact that a distribution network of foreign cars operates in the United States does not give rise to an infer *662 ence that the distributor or retailer is the agent of the foreign manufacturer. (Delagi v Volkswagenwerk AG., 29 NY2d 426; Miller v General Motors Corp., 99 AD2d 454.)
The facts in this case show that defendant Crabtree and defendant Mazda Motors are separate and distinct corporate entities of the foreign manufacturer and that they are not the manufacturer’s agent.
Service of process upon the foreign manufacturer, Mazda Motors Corporation, must be made pursuant to CPLR 311 (1) or other applicable statutes and may not be accomplished by service of the summons upon the distributor or licensed dealership of Mazda vehicles in the United States which is not a subsidiary or agent of the manufacturer corporation. (See, Faravelli v Bankers Trust Co., 85 AD2d 335.)
Plaintiff is advised, if she so pleases, to seek her remedy pursuant to General Business Law § 198-a (k) which gives the consumer the option of arbitration, rather than legal proceedings and compels participation of the manufacturer. The regulations governing alternate arbitration under the New Car Lemon Law are promulgated by the New York State Attorney-General. (13 NYCRR 300.1 et seq.)
The unique aspect of General Business Law § 198-a (k) and related regulations is that each automobile manufacturer of cars sold in the State of New York must provide the New York State Attorney-General with the name, address and telephone number of its designated contact for notification of a request for arbitration (13 NYCRR 300.7), and that the manufacturer is compelled to participate. Often, the foreign manufacturer is represented by the importer or distributor at the arbitration and any award made in favor of the consumer under the New Car Lemon Law consisting of either a replacement or refund is honored by the manufacturer through the importer or distributor. It would appear that plaintiff may avoid some of the legal obstacles and expenses in legal proceedings against the Mazda manufacturer in Japan by seeking alternate arbitration under the New Car Lemon Law.
General Business Law § 198-a (k) was enacted in 1986 in response to consumers who were often forced to incur costly expenses in court litigation under the Lemon Law. The application and constitutionality of the alternate arbitration program under General Business Law § 198-a (k) has been challenged by auto manufacturers and has been found valid and constitutional in a recent landmark decision by the Court of *663 Appeals. (Motor Vehicle Mfrs. Assn. v State of New York, NYLJ, Jan. 22, 1990, at 23, col 2.)
That portion of defendant Mazda Motor’s motion for an order dismissing plaintiffs second cause of action for emotional distress is granted.
To oppose a motion for summary judgment which has made out a prima facie case, the opposing party must lay bare her evidentiary proof to show that there are genuine issues requiring a trial. Plaintiff has failed to offer any proof in her opposition papers to show that she sustained emotional distress warranting damages as a result of this incident. Plaintiff does not set forth the circumstances or how she allegedly sustained emotional distress caused by the defects in the automobile. The bare allegation that the subject vehicle failed to start with reasonable promptness on numerous occasions as alleged in the complaint cannot, as a matter of law, defeat this portion of defendant’s motion.
That portion of defendant Mazda Motor’s motion for an order dismissing plaintiffs third cause of action for breach of warranty is denied.
Defendant Mazda Motors argues, among other grounds, that plaintiffs cause of action for breach of warranty must be denied since there is no privity between the parties and that defendant Mazda Motors did not issue the warranty for the vehicle in issue.
Factual issues are raised by the papers submitted including whether defendant Mazda Motors did or did not issue the warranty or a part thereof to the consumer. The warranty for the subject vehicle does not appear to be issued solely by the manufacturer. The warranty contains language to the effect that, "This warranty is given in lieu of all other express warranties * * * on the part of Mazda, Mazda Distributor or the Mazda Dealer selling the Mazda Vehicle.” The warranty provides that if the Mazda dealer cannot assist the consumer, the consumer should contact the Mazda distributor. The warranty further provides that, "The liability of Mazda distributor under this warranty is limited solely to the repair or replacement of parts defective in material or workmanship by a Mazda Dealer at its place of business.” In another part of the warranty it also provides that, "Mazda Distributor warrants to the owner of Mazda Accessories that Mazda Accessories are free from defects in material or workmanship, subject to the following terms and conditions.” The deputy general *664 manager of Mazda Motors, J. R. Seidel, avers in this affirmation in support of the motion that Mazda Motors sells Mazda vehicles on its own behalf and not as agent for the manufacturer. Defendant Mazda Motors is the exclusive distributor of Mazda vehicles in the United States. It is not clear as to what agreement, if any, was made between the auto manufacturer and Mazda Motors as to the warranty of Mazda vehicles sold in this country. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v Ceppos, 46 NY2d 223; Palmerton v Envirogas, Inc., 80 AD2d 996).
A trial is needed to resolve the issues raised. If defendant Mazda Motors can properly prove that the warranty for the vehicle in issue was strictly issued by the manufacturer or another party it may renew this portion of the motion at trial.