■ GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., Respondent, v JOSEPH M. D'AGNESE, Defendant and Third-Party Plaintiff-Appellant. VINNIE ESPOSITO et al., Third-Party Defendants-Respondents. [658 NYS2d 55] —In an action to recover damages for breach of contract, the defendant third-party plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 13, 1996, which, *inter alia,* (1) granted the separate motions of the plaintiff, General Electric Capital Auto Lease, Inc., and the third-party defendants Vinnie Esposito, New Rochelle Jeep Eagle, Inc., and Chrysler Corporation for summary judgment, to the extent of striking the appellant's five affirmative defenses, dismissing all of his counterclaims, and dismissing portions of the third-party complaint, and (2) transferred the matter to the City Court of New Rochelle.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting that branch of the plaintiff's motion which was to strike the first affirmative defense and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The trial court correctly dismissed, insofar as asserted against the plaintiff, the third affirmative defense and the first

counterclaim of the appellant's answer, which asserted that the jeep was a "lemon" pursuant to General Business Law § 198-a, because the remedy under the so-called Lemon Law runs only against the manufacturer (see, General Business Law § 198-a; *Luciano v World-Wide Volkswagen Corp.*, 127 AD2d 1; *Miller v Crabtree Mazda*, 146 Misc 2d 658; *Sepulveda v American Motors Sales Corp.*, 137 Misc 2d 543; *Barco Auto Leasing Corp. v PSI Cosmetics*, 125 Misc 2d 68; see also, *Monroe v Crabtree Ford*, 137 AD2d 747). However, the appellant's first affirmative defense against the plaintiff should be reinstated because it appears that the print in the lease relied upon by the plaintiff may have been less than eight points in size, contrary to the requirements in CPLR 4544.

There are questions of fact regarding whether the letter agreement executed by the appellant's counsel and a sales manager at New Rochelle Jeep Eagle, Inc., Vinnie Esposito, was breached, and what, in fact, occurred after the agreement was made. Accordingly, the trial court was correct in determining that questions of fact preclude the granting of summary judgment for or against New Rochelle Jeep Eagle, Inc., and Chrysler Corporation with respect to the third-party claims which remain outstanding.

Since the appellant seeks only monetary relief pursuant to General Business Law § 198-a, the action was properly transferred to the City Court of New Rochelle (see, *Hudson View II Assocs. v Gooden*, 222 AD2d 163).

The remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein and McGinity, JJ., concur.