OPINION OF THE COURT
Edward J. Sperzel, J.
This action, as it relates to defendant Smithtown Ford, Inc. (Smithtown), seeks damages in connection with plaintiff’s purchase of a motor vehicle from Smithtown based upon breach of implied warranty and revocation of acceptance pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 et seq. [Magnuson-Moss Act]), recovery of attorney’s fees under said Act, improper delivery pursuant to section 2-601 (a) of the Uniform Commercial Code, breach of written warranty pursuant to section 198-b of the General Business Law (Used Car Lemon Law) and breach of the warranty of serviceability pursuant to section 417 of the Vehicle and Traffic Law.
The copies of both the vehicle cash purchase agreement and the dealer invoice submitted by Smithtown in support of its motion indicate that the subject vehicle, a 1999 Hyundai Sonata GLS, was purchased from Smithtown on August 8, 2000 with 14,160 miles and was considered by Smithtown to have been sold as a used vehicle. The dealer invoice also indicates that the balance of a factory warranty went along with the purchase and specifically stated that any warranties were those of the manufacturer. In addition, both documents expressly *539 disclaimed all express or implied warranties. Further documentation indicates that plaintiff, in writing, rejected an offer of an extended warranty and that she was provided with a statutory written warranty pursuant to the Used Car Lemon Law. Defendant has also submitted a copy of retail certificate of sale given to the plaintiff in accordance with section 417 of the Vehicle and Traffic Law. The plaintiff has submitted copies of repair records for the subject vehicle from Neil Hyundai and Riverhead Auto Mall, dating from October 17, 2000 to September 11, 2001, indicating that on numerous occasions, the vehicle had been brought in because of problems with engine idling, the power steering, the alternator belt and the transmission. Annexed to the complaint is a copy of a letter from plaintiff’s counsel dated May 14, 2001 issued to defendants stating, among other things, that plaintiff was revoking her acceptance of the vehicle based upon the failure to correct the nonconformities associated with the vehicle despite being given numerous opportunities to correct the defects and that said defects substantially impaired the value of the vehicle. However, it is unrefuted that plaintiff, at no time, ever brought the subject vehicle for repairs to Smithtown or notified Smithtown of the alleged defects prior to her revocation of acceptance.
It is well established that, on a motion to dismiss for failure to state a cause of action, the pleading is to be liberally construed and the facts alleged therein are accepted as true and accorded every favorable inference to determine whether the facts as alleged fit within any cognizable legal theory (see, Leon v Martinez, 84 NY2d 83; CPLR 3026). However, where the complaint’s allegations are flatly contradicted by documentary evidence, they are no longer presumed to be true or accorded every favorable inference (see, Kantrowitz & Goldhamer v Geller, 265 AD2d 529). In such a case, the court must determine “whether the proponent of the pleading has a cause of action, not whether he has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268, 275). Therefore, contrary to plaintiff’s assertions, based upon the documentary evidence submitted herein, the court is permitted to ascertain whether plaintiff has any claim against Smithtown.
Under the Magnuson-Moss Act, a supplier is prohibited from disclaiming or modifying any implied warranty for a consumer product if the supplier “makes any written warranty” to a consumer with respect to the product and a disclaimer made in violation of the statute is ineffective (see, 15 USC § 2308 [a], [c]). A “written warranty” is defined in 15 USC § 2301 (6) as follows:
*540 “(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
“(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.”
There is no indication that Smithtown ever gave any written warranty to plaintiff in connection with the sale of the vehicle and the only express warranty was stated to be as that of the manufacturer. “A supplier who does no more than distribute or sell a consumer product covered by a written warranty offered by another person or business and which identifies that person or business as the warrantor is not liable for failure of the written warranty to comply with the Act or rules thereunder” (16 CFR 700.4). Nevertheless, the definition of a party “actually making” a written warranty is not limited to the party who offers it (see, 16 CFR 700.4). “[0]ther actions and written and oral representations of such a supplier in connection with the offer or sale of a warranted product may obligate that supplier under the Act. If under state law the supplier is deemed to have ‘adopted’ the written affirmation of fact, promise, or undertaking, the supplier is also obligated under the Act.” (16 CFR 700.4). The submissions of the parties clearly demonstrate that no express warranty was given by Smithtown to plaintiff and there is nothing in plaintiff’s complaint or in the submissions in opposition to Smithtown’s motion which alleges conduct on the part of Smithtown which could fall within the definition of a party “actually making” a written warranty. The dealer’s invoice specifically noted that the balance of the manufacturer’s warranty was solely made by the manufacturer and the statutory warranty given by the dealer pursuant to section 198-b of the General Business Law and the warranty of serviceability under section 417 of the Vehicle and Traffic Law do not constitute written warranties within the meaning of section 2301 (6) (B) of the Act.
Notably, in Beyer v DaimlerChrysler Corp. (287 AD2d 427), a case brought by the lessee of a motor vehicle seeking to recover *541 damages for breach of warranty under the Magnuson-Moss Act, the Appellate Division, in addressing the dealer’s motion to dismiss based upon a disclaimer of implied warranties, fomid that the pleadings and submissions sufficiently alleged conduct on the part of the dealer which could fall within the definition of a party “actually making” a written warranty. However, despite the fact that the vehicle in question was clearly subject to the New Car Lemon Law (General Business Law § 198-a [a] [2]), the court did not even approach the issue as to whether the New Car Lemon Law constituted a written warranty under the Act in order to invalidate the dealer’s disclaimer and subject it to the Act. Therefore, by implication, the court finds that the statutory warranties do not constitute written warranties under the Act. To the extent Nicolescu v DaimlerChrysler Corp. (Sup Ct, Queens County, Jan. 10, 2001, Glover, J.) and Tarantino v DaimlerChrysler Corp. (Sup Ct, Westchester County, Sept. 23, 2000, Zambelli, J.) are to the contrary, the court declines to follow those holdings. Furthermore, plaintiffs reliance on Murphy v Mallard Coach Co. (179 AD2d 187) is wholly misplaced as the finding of an express warranty in that case was based upon a preinspection checklist prepared by the dealer and not by virtue of section 417 of the Vehicle and Traffic Law. Finally, there is nothing in the General Business Law which can be construed as obligating the dealer to adopt the manufacturer’s written warranty. To hold otherwise would create liability where none was intended to exist (see, General Elec. Capital Auto Lease v D'Agnese, 239 AD2d 462).
Consequently, since the statutory warranties do not constitute written warranties under the Act, and Smithtown has demonstrated that it never made any written warranty to plaintiff or that it adopted the manufacturer’s warranty, Smith-town’s express disclaimer of all implied warranties is valid and plaintiff has no cause of action against Smithtown for breach of implied warranty under the Magnuson-Moss Act (see, Beyer v DaimlerChrysler Corp., 287 AD2d 427, supra).
Inasmuch as plaintiff has consented to dismissal of the cause of action alleging improper delivery, the court now turns its attention to plaintiff’s claim for damages under the Used Car Lemon Law (General Business Law § 198-b).
Initially, the court rejects Smithtown’s claim that the New Car Lemon Law (General Business Law § 198-a) governs as the subject vehicle had in excess of 14,000 miles and was clearly sold by Smithtown as a used motor vehicle. Under such circumstances, it has been held that such a vehicle falls within *542 the definition of a “ ‘used motor vehicle’ since it had been driven, prior to its purchase, for ‘more than the limited use necessary in moving or road testing a new vehicle prior to delivery’ (General Business Law § 198-b [a] [2])” (Matter of American Motors Sales v Brown, 152 AD2d 343, 349). Nevertheless, since the documentation overwhelmingly demonstrates that plaintiff failed to comply with General Business Law § 198-b which requires, inter alia, that the dealer, i.e., Smith-town, be given a reasonable opportunity to repair the defects, plaintiff has no cause of action under the Used Car Lemon Law (see, Raymond v Van Deusen, 183 Misc 2d 81 [Just Ct]; Millan v Yonkers Ave. Dodge, NYLJ, Sept. 17, 1996, at 26, col 5 [Yonders City Ct]). Even were the court to construe the vehicle as being governed under the New Car Lemon Law, plaintiff would still have no cause of action against Smithtown since a claim under the New Car Lemon Law only runs against the manufacturer (General Elec. Capital Auto Lease v D’Agnese, 239 AD2d 462, supra).
Finally, with respect to the claim of breach of the warranty of serviceability, the court finds that plaintiff has failed to state a cause of action since this court lacks jurisdiction over an action for rescission (Clark v Incorporated Vil. of Patchogue, NYLJ, Dec. 5, 1996, at 31, col 4 [App Term, 2d Dept]). To the extent this court has jurisdiction over plaintiff’s claim for monetary damages resulting from Smithtown’s alleged breach of the warranty of serviceability (UDCA 202; Clark v Incorporated Vil. of Patchogue, supra), the documentary evidence submitted by plaintiff demonstrates that plaintiff suffered no out-of-pocket expenses for repairs as all the repairs performed on the vehicle were covered under the manufacturer’s warranty. Nor can there be any recovery for finance charges or interest since the vehicle was purchased for cash. Likewise, plaintiff’s claim for loss of use cannot be viewed as reasonable expenses incidental to an alleged breach of the warranty of serviceability where plaintiff failed to avail Smithtown of the opportunity to repair the subject vehicle (see, Vernon v Potamkin Cadillac Corp., 118 AD2d 698).
To the extent plaintiff seeks leave to replead, that application must be denied as there is nothing in the record to indicate that plaintiff has a viable cause of action against defendant Smithtown (see, CPLR 3211 [e]; 125 Assoc. v Cralin Trading Assoc., 196 AD2d 630, 631).