◼ EDWARD T. LINDSAY, II, Appellant, v COLTON AUTO, INC., et al., Respondents. [852 NYS2d 519]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 19, 2006. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover the purchase price of a motor home manufactured in part by defendant Fleetwood Motor Homes of Pennsylvania, Inc. (Fleetwood) and sold to plaintiff by defendant Colton Auto, Inc. (Colton). Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). With respect to the first cause of action, seeking relief under the Lemon Law (*see* General Business Law § 198-a), we conclude that plaintiff cannot obtain relief against Colton under that statute because it applies only to manufacturers (*see General Elec. Capital Auto Lease v D'Agnese*, 239 AD2d 462 [1997]; *Monroe v Crabtree Ford*, 137 AD2d 747 [1988]). Insofar as the first cause of action is asserted against Fleetwood, defendants established that plaintiff failed to comply with the Lemon Law's notice requirement (*see* § 198-a [n] [former (6)]). With respect to the second cause of action, alleging breach of express warranty, defendants met their burden by establishing that Colton effectively disclaimed any express warranty (*see* UCC 2-316 [1]) and that Fleetwood did not manufacture the defective components of the motor home and excluded those components from its express warranty (*see generally Jones v W + M Automation, Inc.*, 31 AD3d 1099, 1101 [2006], *lv denied* 8 NY3d 802 [2007]). With respect to the third cause of action, alleging breach of the

implied warranties of merchantability and fitness (*see* UCC 2-314), defendants established that Colton effectively disclaimed those warranties (*see* UCC 2-316 [2]; *Gale v Kessler*, 93 AD2d 744 [1983]) and that plaintiff is not in privity with Fleetwood (*see Miller v General Motors Corp.*, 99 AD2d 454 [1984], *affd* 64 NY2d 1081 [1985]; *Antel Oldsmobile-Cadillac v Sirus Leasing Co., Div. of Sirus Enters.*, 101 AD2d 688 [1984]). Finally, with respect to the fourth cause of action, seeking relief under the Magnuson-Moss Warranty Act, defendants established that they are not " 'warrantor[s]' " with respect to the defective components of the motor home (15 USC § 2301 [5]). We conclude that plaintiff failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman*, 49 NY2d at 562). Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.