■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY WILLIAMS, Appellant.— Judgment of the Supreme Court, Queens County, rendered April 19, 1972 on resentence, affirmed. The record indicates substantial compliance with CPL 380.50 (cf. People v. McClain, 35 N Y 2d 483). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ GEORGE A. SOMMER, Respondent, v. SAL FUCCI, Doing Business as AAMCO TRANSMISSIONS, Defendant, and AAMCO AUTOMATIC TRANSMISSIONS INC., Appellant.— In an action to recover damages for breach of warranty, breach of contract and negligence, defendant AAMCO Automatic Transmissions Inc. appeals from two orders of the Supreme Court, Nassau County, both entered November 6, 1974, one inter alia granting plaintiff's motion to vacate his default on a calendar call and to restore the action to the calendar and the other granting his motion for a preference. Orders affirmed, with one bill of $20 costs and disbursements to defendant AAMCO Automatic Transmissions against plaintiff, on condition that plaintiff's former attorney, Louis Dubow, personally pay the sum of $100 to said defendant within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry; in the event such condition is not complied with, plaintiff may, within 10 days after the time herein limited for such payment, make such $100 payment in full satisfaction of said condition, which payment shall accordingly reduce said former attorney's charging lien, if there be one; and otherwise orders reversed, with one bill of $20 costs and disbursements to defendant AAMCO Automatic Transmissions against plaintiff, and motions denied. While it was proper to vacate plaintiff's default, a penalty should have been imposed upon his former attorney personally for his neglect (Moran v. Ryner, 39 A D 2d 718). Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.