■ THERESA A. DI RENNO, Respondent, et al., Plaintiff, v UNION FREE SCHOOL DISTRICT NUMBER ONE OF THE TOWNS OF OSSINING, NEW CASTLE AND YORKTOWN et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from so much of a judgment of the Supreme Court, Westchester County, entered February 18, 1975, as is in favor of plaintiff Theresa Ann Di Renno, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, and, as between plaintiff Theresa Ann Di Renno and defendants, action severed and new trial granted upon the issue of damages only, with costs to abide the event, unless, within 20 days after entry of the order to be made hereon, the said plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $90,000, in which event, the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements. The findings of fact as to liability are affirmed. Although the jury properly found the defendants liable for the injuries suffered by plaintiff Theresa Ann Di Renno, the verdict was excessive to the extent indicated herein. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.

■ FARM AUTOMATION CORPORATION, Appellant, v RICHARD SENTER et al., Respondents.—In an action on a contract, plaintiff appeals from (1) an order of the Supreme Court, Dutchess County, dated November 6, 1975, which denied its renewed motion to vacate a prior order of preclusion and for leave to serve a bill of particulars and (2) an order of the same court, dated November 20, 1975, which denied a fourth renewal of plaintiff's motion to (a) vacate a prior order which dismissed its complaint for failure to appear upon the call of the Trial Calendar and (b) restore the case to said calendar. Order dated November 6, 1975 reversed, and motion granted, without costs or disbursements; order dated November 20, 1975 modified by adding the following to the decretal paragraph thereof, after the word "denied": "as to defendant Frances O. Senter and granted as to defendant Richard Senter"; as so modified, order affirmed, without costs or disbursements. The said dispositions are made upon condition that plaintiff's counsel of record personally pay the sum of $350 to defendant Richard Senter within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry thereof; otherwise orders affirmed, with one bill of $50 costs and disbursements to defendant Richard Senter. Under the circumstances of this case, plaintiff should have been relieved of the consequences of its defaults upon the stated condition (see *Moran v Rynar,* 39 AD2d 718; *Miniotis v Dugan Bros.,* 44 AD2d 708; *Sommer v Fucci,* 47 AD2d 771). However, in light of the fact that defendant Frances O. Senter died during the pendency of the action, and as plaintiff's moving papers concede that "it would appear that there is no basis for holding [her] responsible for the performance of the contract", the dismissal of its complaint against her should not be disturbed. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.