■ UNISPHERE REALTY, INC., Respondent, v DEVENDRA N. AILAWADI et al., Appellants.—In an action to recover damages for breach of contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated October 23, 1985, which denied their motion to vacate a default judgment entered October 13, 1982.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the defendants' motion is granted, on condition that the defendants' former attorney, Richard H. Goldman, personally pays the sum of $750 to the plaintiff within 20 days after service upon him personally with a copy of this decision and order, with notice of entry; in the event that condition is not complied with, the defendants may, within 10 days after the time for Richard H. Goldman to make the payment expires, make the $750 payment in satisfaction of the condition; in the event the condition is not complied with, then the order is affirmed, with costs.

The instant action was brought by the plaintiff seller, against defendants purchasers, who are husband and wife, to recover damages for the latters' alleged breach of a real estate sales contract dated June 22, 1979. The contract was signed by the defendant Devendra N. Ailawadi who gave the plaintiff a check in the amount of $12,800 as a down payment which was to be held in escrow by the plaintiff's attorney pending the closing of title. About a week later, Devendra notified the plaintiff that his wife, the defendant Rekha Ailawadi, would not sign the contract, and stopped payment on his $12,800 check. The instant action followed. After joinder of issue, the defendants defaulted in appearing for trial, and, after an inquest, a default judgment was entered in favor of the plaintiff and against the defendants in the principal amount of $12,800.

In May 1983, after learning that a lien had been placed on one of Devendra's bank accounts, the defendants moved, *inter alia,* to vacate the default judgment on the grounds that (1) their then attorney had never received a "Notice of Trial" purportedly served on him on March 6, 1980, due to the fact that the attorney had changed his address, and (2) the contract never became effective since it was "never signed by all of the purported parties to it". In connection with this latter argument, the defendant Devendra alleged in an affidavit that "[i]t was at all times understood that this contract would not go into effect until all parties had executed said contract, and, to be more specific, my wife REKHA AILAWADI herself, listed as one of the purchasers, had also signed".

In opposition to this motion, the plaintiff's counsel consented to allow the defendants "to defend this matter on the merits". In a decision dated July 21, 1983, Special Term granted the defendants' motion to vacate the judgment and directed the defendants to "Settle order".

No order was ever settled by the defendants and, as a result, the defendants' motion to vacate was deemed "ABANDONED" pursuant to "Queens County Rules—Sec 795.5 (f) (h)" for failure to present an order for signature within 30 days of the court's decision *(see,* 22 NYCRR former 795.5 [f], [h]).

In February 1985 the plaintiff apparently served the defendants for the first time with a copy of the judgment entered October 13, 1982, with written notice of entry, and also sent the defendants a "Notice to Judgment Debtor". After a turnover proceeding was commenced by the plaintiff in April 1985 naming the defendants as party respondents, the defendants, now represented by new counsel, again moved to vacate the default judgment. The defendants reiterated the grounds asserted in their initial motion to vacate.

In opposition, the plaintiff's counsel conceded that "Defendants and their attorney on the moving papers set forth as an adequate excuse the Defendants' failure to obtain receipt of a prior Notice of Trial". Nevertheless, the plaintiff argued that there was no excuse for the defendants' failure to settle an order pursuant to Special Term's decision in July 1983 and their failure to again move to vacate the default judgment until May 1985. With respect to the defendants' proposed defense, the plaintiff argued that both defendants were obligated, or at least Devendra was obligated, under the contract, by virtue of the fact that Devendra had signed it.

Special Term denied the defendants' motion holding, *inter*

*alia,* that: "The affidavit submitted by defendants herein fails to establish any excuse for the lengthy delay in bringing the within motion to vacate and offers no excuse for defendants' abandonment of the prior motion to vacate, nearly two years ago".

It is well settled that a party seeking to be relieved of a default judgment must establish both a reasonable excuse for the default and the existence of a meritorious defense *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Weber v Victory Mem Hosp.,* 98 AD2d 719). In the case at bar, the plaintiff's attorney conceded that the defendants had a reasonable excuse for initially defaulting in appearing for trial. With respect to the defendants' proposed defense, the defendant Devendra alleged, without contradiction, that it was understood by the proposed parties to the contract that it would not become effective until his wife signed it. Under these circumstances, the defendants demonstrated a valid defense to the instant action *(see, Alexander v Wheeler,* 64 AD2d 837). Nor can it be argued that defendants' instant motion is untimely, since it was apparently made within a year after service upon them of a copy of the judgment with notice of entry (CPLR 5015 [a]). It appears that the defendants' motion was denied solely on the ground that the defendants' former attorney, and to a lesser extent the defendants themselves, allowed the prior motion for the same relief, which was initially granted on consent of the plaintiff, to become abandoned. Under the circumstances, we are of the view that vacatur of the default judgment conditioned upon the payment of a penalty would be more appropriate than the outright denial of the defendants' motion to vacate *(see, Moran v Rynar,* 39 AD2d 718; *Sommer v Fucci,* 47 AD2d 771). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.