■ HUGH MANNERING et al., Appellants, v STATE FARM FIRE & CASUALTY COMPANY, Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 17, 1987, which denied their motion to vacate an order of the same court entered upon their default, dismissing their first cause of action based on the defendant insurer's fourth affirmative defense.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the plaintiffs' motion is granted on the condition that the plaintiffs' attorney personally pay $1,000 to the defendant within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed, with costs.

Inasmuch as the plaintiffs moved to vacate their default within approximately 10 months of the date of the order dismissing their first cause of action, their application was timely (CPLR 5015 [a] [1]). In view of the delay, the absence of substantial prejudice to the defendant, the absence of any intent by the plaintiffs to abandon the action, the potential

meritorious nature of the first cause of action and the strong public policy in favor of resolving cases on the merits so that the expeditious disposal of cases does not become an end in itself, we conclude that the vacatur of the plaintiffs' default conditioned upon the payment by their attorney of a sanction to compensate for the inconvenience and additional legal work emanating from the delay is a more appropriate disposition than the outright denial of the plaintiffs' motion to vacate *(see, Monroe v Crabtree Ford,* 137 AD2d 747; *Unisphere Realty v Ailawadi,* 131 AD2d 562, 564; *Caggiano v Ross,* 130 AD2d 538, 539; *Stark v Marine Power & Light Co.,* 99 AD2d 753, 754). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.