■ Big Apple Industrial Buildings, Inc., Plaintiff, v George A. Fuller Company, Appellant, and Summit Waterproofing and Restoration Corp., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Phyllis B. Gangel-Jacob, J.), entered on or about December 15, 1989, denying defendant Summit's motion, pursuant to CPLR 3212, for partial summary judgment on its cross claims against defendant Fuller, but directing Fuller to continue, until resolution of the action, a bond posted pursuant to a prior order of the court entered June 6, 1989, which imposed the bond as a condition to vacatur of Fuller's prior default on Summit's summary judgment motion, unanimously affirmed; and an order of the same court, entered on or about February 9, 1990, clarifying the order entered December 15, 1989, to the extent

of directing Fuller to post a bond securing recovery, should Summit prevail on its cross claims against Fuller, pending final resolution of the action, unanimously affirmed, with costs.

Upon vacating Fuller's prior default, the court was well within its discretion to impose sanctions and direct the posting of an undertaking. Upon vacating a default judgment a court is well within its discretion to, in equity, impose such conditions under CPLR 5015 (a). This is particularly true since Fuller suggested that it post such an undertaking in support of its application to vacate the default. *(A. G. Serv. Co. v Interboro Contrs.,* 64 AD2d 880; *DFI Communications v Golden Penn Theatre Ticket Serv.,* 87 AD2d 778.) Having properly exercised its discretion in conditioning vacatur upon the posting of the bond, pending determination of Summit's motion for partial summary judgment, the court was likewise within its discretion to continue the bond until disposition of the cross claims between these two defendants. That Fuller had failed to comply with the requirement of posting the bond pursuant to the order entered June 6, 1989, requiring that Fuller post such undertaking, creates no procedural or other bar to the result sought to be achieved by the court. Concur— Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.