■ ROBERT B. LEDLIE, Individually and as Personal Representative of the Estate of BARBARA LEDLIE, Deceased, et al., Appellants, v YAHYA MOADEL et al., Respondents.—In an action to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated May 4, 1989, which denied their motion to vacate an order of the same court, dated February 7, 1989, and a judgment entered February 14, 1989, thereon, which granted the defendants' respective motions to dismiss the action based upon the plaintiffs' failure to file a notice of medical malpractice action pursuant to CPLR 3406, upon the plaintiffs' default in responding to the defendants' motion.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the plaintiffs' motion is granted, the order dated February 7, 1989, and the judgment entered February 14, 1989, thereon, are vacated, and the

proposed notice of medical malpractice action contained in the record is deemed served, on condition that the plaintiffs' counsel personally pay $200 to each of the defendants (for a total of $1,800) within 30 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the foregoing condition is not complied with, the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The Supreme Court granted the defendants' respective motions to dismiss the complaint upon the ground that the plaintiffs had failed to file a timely notice of medical malpractice action pursuant to CPLR 3406 upon the plaintiffs' default in responding to those motions. The plaintiffs subsequently moved, *inter alia*, to vacate their default, alleging that the default arose from confusion generated by the plaintiffs' proposed change of attorneys (which change of attorneys never in fact took place). Their motion was denied and the plaintiffs appeal. We conclude that the motion should have been granted.

As recently held by the Court of Appeals, the dismissal of an action is not authorized on the ground that the plaintiff failed to timely file a notice of medical malpractice action pursuant to CPLR 3406 (a) *(see, Tewari v Tsoutsouras,* 75 NY2d 1; *see also, Fittipaldo v Gal,* 159 AD2d 481; *Krulik v Meyerowitz,* 160 AD2d 770; *Kolb v Strogh,* 158 AD2d 15). In view of the foregoing, the plaintiffs' default should be vacated and the proposed notice of medical malpractice action deemed served *(see, Johnson v Peekskill Hosp.,* 166 AD2d 504). Under the circumstances, however, the granting of permission to file the late notice of medical malpractice action should be conditioned upon the imposition of a monetary sanction of $1,800, payable by the plaintiffs' counsel in increments of $200 to each of the defendants *(see, Mannering v State Farm Fire & Cas. Co.,* 144 AD2d 654; *Monroe v Crabtree Ford,* 137 AD2d 747; *Unisphere Realty v Ailawadi,* 131 AD2d 562, 564; *see also, Mullen v Flushing Hosp.,* 161 AD2d 748; *Fittipaldo v Gal, supra; Negron v Hospital of Albert Einstein Coll. of Medicine,* 158 AD2d 408). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.