■ In the Matter of JANET MARCUS, Appellant, v PHYLIS S. BAMBERGER, Respondent.—Order, Supreme Court, Bronx County (Phylis S. Bamberger, J.), entered on or about November 23, 1990, which imposed a sanction of $100, pursuant to 22 NYCRR 130-1.2, affirmed, without costs.

On Friday, July 20, 1990, in the course of jury selection, appellant, an attorney with the Criminal Defense Division of The Legal Aid Society, requested the court's permission to leave by 2:15 P.M. on Monday, July 23, 1990. Accommodating this request, the court made arrangements to extend its morning session on July 23 and advised the jury that it was required to appear at 9:45 A.M. and instructed counsel to arrive promptly at 9:30 A.M. Appellant nevertheless arrived a half hour late. At the close of proceedings on July 23, the court stated that court would commence at 9:30 A.M. the next morning and that sanctions would be imposed upon parties not present on time. On July 24, 1990, the court, defendant, Assistant District Attorney, jurors, and four police officers subpoenaed by appellant were present at 9:30. Appellant, however, did not arrive until 9:43 A.M., whereupon, without noting her appearance or requesting leave, she chose to hold a consultation with her client in the vestibule. When appellant returned to the courtroom at 9:51 A.M., the court imposed a $100 sanction for lateness. At appellant's request the sanction was withdrawn so that a hearing could be held. Appellant admitted at the hearing that she had not left her office until 9:30 A.M. on that morning and stated that she was delayed because of her attempts to ascertain what had happened to other cases. She also stated that when she did finally arrive, she felt compelled to speak with her client because he appeared agitated.

The court upheld the sanction, noting in particular that when appellant did finally arrive at the courtroom, "she immediately left it without even offering an explanation for her lateness or requesting additional time". Solely in reference to appellant's argument that her noncompliance with the court's order was not willful and as explanation why counsel had reason to know that timeliness in this instance was of paramount importance, the court noted that appellant's late-

ness on various matters in this case had been the subject of extensive discussion and that, on a previous occasion in another matter, appellant had been threatened with sanctions for lateness. Given this background, the court found that appellant's conduct "can only be considered an intentional disregard of a court order".

Sanctions may be imposed upon the court's own initiative after a reasonable opportunity to be heard (22 NYCRR 130-1.1 [d]). Contrary to appellant's contention, the hearing she was given satisfied this due process requirement. Appellant was represented by counsel and permitted to testify and offer evidence. Nor was it error for the court to consider "relevant evidence of events predating the alleged misconduct in order to clarify or to provide background for the formal charges" *(Matter of Gelfand,* 70 NY2d 211, 216). The court's decision leaves no question that the sanction was imposed solely as a penalty for appellant's lateness on July 24, in violation of the court's explicit order. We conclude that in the circumstances the imposition of a $100 sanction did not constitute an abuse of discretion. Concur—Ellerin, J. P., Wallach, Ross and Smith, JJ.

Asch, J., dissents in a memorandum as follows: I would not quarrel with the IAS court's finding that with the "background" of appellant's prior conduct, her conduct in the instant matter warranted the imposition of sanctions. Further, I would not quarrel with a finding that a twenty-one minute delay, when coupled with the "aggravating factor" of appellant leaving the courtroom after her late appearance to confer with her client before finally appearing before the waiting court, might also justify a finding of contempt.

However, at the hearing, counsel sought assurance from the court that the issue was that appellant was not in court promptly at 9:30 A.M. on July 24 and had not telephoned. The court added there was a further aggravating factor, i.e., that appellant left the courtroom to confer with her client before finally appearing before the court. Counsel then noted "we are prepared to address both of those matters today, Your Honor".

Appellant was not given notice of all the charges she faced. It is obvious that the sanctions were imposed, in large part, because of alleged prior transgressions. Appellant, however, was never informed these incidents might form the basis for the imposition of sanctions. Since "[this] absence of fair notice as to * * * the precise nature of the charges deprived [appellant] of procedural due process" *(In re Ruffalo,* 390 US 544,

552), I would reverse and remand the matter for a new hearing, at which appellant is advised of all charges which will be considered by the court in reaching any determination.

(The unpublished Decision and Order of this Court entered herein on February 11, 1992 is hereby recalled and vacated.)