■ JASWOLK REALTY CORP. et al., Appellants, v LEONARD JASPER, Respondent.—In an action, *inter alia,* to declare certain deeds null and void, the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered April 27, 1990, as, upon granting the plaintiffs' motion to vacate their default in responding to the defendant's motion to dismiss the complaint for failure to comply with discovery requests, awarded the defendant $2,000 costs.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the award of $2,000 costs is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a determination of whether costs should be awarded to the defendant and, if so, in what amount.

The defendant moved to dismiss the complaint based on the plaintiffs' failure to comply with certain discovery requests. The plaintiffs' attorney failed to appear in court on the return date of the motion and the court granted the motion upon the plaintiffs' default. Prior to the entry of an order, the plaintiffs moved for a "rehearing" on the matter. The court then modified its prior decision and, after considering the merits, granted the motion to dismiss unless the plaintiffs fully complied with the outstanding discovery demands within a specified time. In addition, the court awarded the defendant $2,000 costs.

We agree with the plaintiffs that the court failed to adequately explain the basis for its monetary award. There are various sources of authority that permit courts to direct a party or attorney to pay a sum of money *(see, Gabrelian v Gabrelian,* 108 AD2d 445). For example, under CPLR 5015 (a) courts have discretion to impose a monetary sanction as a

condition for vacating a default *(see, Ledlie v Moadel,* 167 AD2d 371; *Big Apple Indus. Bldgs. v Fuller Co.,* 161 AD2d 553). Pursuant to 22 NYCRR 130-1.1, a court may also award costs or impose sanctions for frivolous conduct, upon motion or upon its own initiative, provided that it issues a written decision setting forth the conduct on which the imposition or award is based, the reasons why it found the conduct to be frivolous and the reasons why it found the amount appropriate *(see,* 22 NYCRR 130-1.2; *Hendrickson v Saratoga Harness Racing,* 170 AD2d 719, 721).

In the instant case, the Supreme Court vacated the plaintiffs' default without any indication that such vacatur was conditioned upon the payment of the $2,000. Nor did the court state that it was awarding costs because of frivolous conduct by the plaintiffs or their attorneys, or who should pay such costs. Accordingly, the award must be vacated and the matter remitted to the Supreme Court for a new determination as to whether to impose a sanction, and if so, to set forth the basis therefor. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.