■ Debra Eirand, Appellant, v Salvatore Macri, Respondent, and Kantrowitz & Goldhamer, Appellant. [624 NYS2d 262] —In an action to recover damages for conversion and fraud, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated November 5, 1993, which, upon determining that the branch of the defendant's motion which was to vacate a lis pendens was moot, granted the branch of the motion which was for sanctions directing the plaintiff's counsel to pay the defendant "motion costs" in the sum of $750.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a hearing in accordance herewith.

A court may not impose a sanction on a litigant or an attorney absent a statute or rule granting the power to do so (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Matter of Kernisan v Taylor, 171 AD2d 869). The Supreme Court is therefore directed to hold a hearing to determine what, if any, penalty should be imposed on plaintiff's counsel and whether the penalty represents motion costs pursuant to CPLR 8202 (with its ceiling of $100) or costs or sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 (with its requirement of a reasonable opportunity to be heard). If the penalty represents costs or sanctions pursuant to 22 NYCRR 130-1.1, the court should set forth the precise "frivolous conduct" in which the plaintiff's counsel engaged. Finally, the court should determine whether the plaintiff or her counsel is the appropriate party to pay any costs or sanction

imposed *(see, Gabrelian v Gabrelian,* 108 AD2d 445; *see also, Jaswolk Realty Corp. v Jasper,* 182 AD2d 739; *Matter of Marcus v Bamberger,* 180 AD2d 533; *Hendrickson v Saratoga Harness Racing,* 170 AD2d 719). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.