■ In the Matter of EDWARD S. MINZNER, Respondent, v ALBERT A. JURON, Appellant. [642 NYS2d 931] —In a proceeding pursuant to Business Corporation Law article 11 to dissolve a professional corporation formed by Albert A. Juron and the petitioner, Albert A. Juron appeals from stated portions of an order of the Supreme Court, Westchester County (Silverman, J.), entered January 10, 1995, which, *inter alia,* (1) granted the motion of the petitioner to permanently restrain him from demanding that he be named as a payee on all checks issued in payment or settlement of actions originated by the professional corporation, and from interfering with the petitioner in his practice of law, and (2) directed him to pay motion costs in the amount of $250.

Ordered that the order is modified by deleting the provision thereof directing Albert A. Juron to pay motion costs in the amount of $250 and substituting therefor a provision directing him to pay motion costs in the amount of $100; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner.

The appellant is not entitled to be named as a payee on all checks received by the petitioner in payment or settlement of actions originated by the professional corporation. The purpose of charging liens is to protect attorneys from losing their fees to the "knavery" of their clients (*see, Matter of City of New York [United States Coblentz],* 5 NY2d 300, 307; *Capoccia v Brognano,* 126 AD2d 323, 326). The charging lien was not intended to protect the rights of a shareholder in a dissolving professional corporation (*see, Capoccia v Brognano, supra).*

The petitioner requested only "motion costs" at the Supreme Court. Costs awarded on a motion may not exceed $100 (*see,* CPLR 8202). Since the petitioner did not request sanctions, and the contentions of the appellant are not frivolous, the costs awarded in connection with the petitioner's motion have been reduced to $100 (*cf., Eirand v Macri,* 213 AD2d 585).

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.