■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL ROBLES, Appellant. [608 NYS2d 191] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered April 1, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant's contention that the court impermissibly vacated his plea of guilty is not preserved as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. If we were to review, we would find that the plea was properly vacated where, in response to the court's inquiry concerning statements in the probation report, defendant confirmed that he had stated that he was innocent, and he pleaded guilty because he feared a longer prison term if he did not, and that he wanted to "study" his case further. We have reviewed defendant's other arguments, including that his sentence was excessive, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.

■ ARNOLD GUMOWITZ et al., Appellants, v STEPHEN MAZOH et al., Respondents. (And Another Action.) [608 NYS2d 192] — Order, Supreme Court, New York County (Carol Arber, J.), entered July 9, 1993, which, *inter alia,* granted defendants-respondents' motion for sanctions and denied plaintiffs' cross motion for sanctions, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in imposing a sanction of $750 against plaintiffs for failing to answer responsively all of defendants' interrogatories, where their motion for a protective order had previously been denied, and where they frivolously cross-moved for sanctions (22 NYCRR 130-1.1; *see, Gabrelian v Gabrelian,* 108 AD2d 445, 448, *appeal dismissed* 66 NY2d 741). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.