■ MINTZ & FRAADE, P. C., Appellant, v JACK FOGEL et al., Respondents. [620 NYS2d 355] —Order, Supreme Court, New York County (Carol Arber, J.), entered January 14, 1994, which granted defendant Mill Rock Owners Corp.'s motion to dismiss the complaint as against it for failure to state a cause of action, and for sanctions pursuant to 22 NYCRR part 130, unanimously affirmed, with costs.

On appeal, plaintiff law firm contends that on principles of agency, defendant Mill Rock should be held accountable for the payment of plaintiff's fee allegedly due from its former client, defendant 94th Street Garage Corp. It is alleged that the failure of Mill Rock's attorney, defendant Berkow, to serve plaintiff with notice of entry of judgment on the declaratory judgment action between Mill Rock and 94th Street Garage, thwarted enforcement of plaintiff's alleged charging lien against the proceeds of such action because Berkow had already paid the proceeds directly to 94th Street Garage even though she was never given an executed consent to change attorneys and had in fact orally represented to plaintiff that she would make the payment to it in recognition of its lien. This theory, assuming it is preserved, is no less frivolous than that plaintiff urged before the IAS Court that defendants conspired to defraud it out of its fee. According to plaintiff, the decision in the declaratory judgment action was rendered on December 9, 1991; Berkow's agreement to pay the judgment directly to plaintiff was made in a telephone conversation on December 10; plaintiff was discharged by its clients on December 11; Berkow advised plaintiff on January 14, that its former clients advised her on December 17 that they had discharged plaintiff, and that she had already paid the judgment to its former clients. Also on or about January 14, 1992, plaintiff received notice of settlement of the underlying decision, which was entered on December 17, 1991. This chronology shows that plaintiff had ample opportunity to assert its lien prior to entry of the judgment. Plaintiff was not, as it appears to argue, entitled to notice of the court's decision, but only to notice of settlement of the judgment (22 NYCRR 202.48). The award of sanctions was not an abuse of discretion (see, Gumowitz v Mazoh, 202 AD2d 166). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.