■ In the Matter of MICHAEL A. WILLIAMS, Petitioner, v JENNIE L. WILLIAMS, Respondent. Ellen S. Ross, Appellant. [627 NYS2d 131] —Per Curiam. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered October 5, 1994, which, in a proceeding pursuant to Family Court Act article 6, imposed sanctions on respondent's attorney for frivolous conduct.

Petitioner commenced this proceeding against respondent for joint custody and visitation of the parties' child. A second petition was filed by the legal custodian of another child of petitioner seeking to return custody of that child to petitioner.

---

At the ensuing hearing, all of the parties appeared *pro se.* Although Family Court recognized that two separate petitions were before it, it was not made clear that the petitions involved different children. The parties informed the court that they had agreed that petitioner should have sole custody of "the child". As a result, Family Court entered an order awarding petitioner custody of his and respondent's child based on the parties' consent. Respondent subsequently filed a petition to modify Family Court's order, alleging that she had misunderstood which child was at issue in the custody hearing and thought she had consented to petitioner's having custody of another child. Respondent then contacted Ellen S. Ross to represent her in the matter. Ross was respondent's attorney in the latter's divorce action against petitioner.

Ross, after speaking with Family Court, submitted an ex parte application to vacate the custody order on two grounds: (1) the divorce action pending in Supreme Court divested Family Court of jurisdiction over custody matters, and (2) respondent was confused as to which child was at issue when she appeared before Family Court. Family Court denied the ex parte application and noted that the matrimonial action was no longer pending. That action had been automatically dismissed because proof of service had not been filed within the 120-day period required by CPLR 306-b (a). Family Court, however, concluded that Ross "should have known" that the latter action had been dismissed and directed her to appear before the court to determine whether her ex parte application constituted frivolous conduct warranting the imposition of sanctions. After a hearing, the court found Ross' conduct to be frivolous based on the fact that the matrimonial action had been dismissed. Family Court also pointed out that an attorney is ethically prohibited from having ex parte communications with a court involving the merits of a case. The court then imposed a sanction of $750 upon Ross.

We find that, based upon the record before us, Family Court did not abuse its discretion in concluding that Ross' conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) *(see, Gumowitz v Mazoh,* 202 AD2d 166; *Matter of Marcus v Bamberger,* 180 AD2d 533). A court may consider many factors in deciding whether to impose sanctions, including deterring neglect by an attorney in the prosecution of a legal proceeding.

The record supports Family Court's conclusion that Ross knew or should have known that she had not complied with the filing requirements of CPLR 306-b (a) and that, therefore,

the matrimonial action was no longer pending. Her ex parte application was thus "completely without merit" (22 NYCRR 130-1.1 [c] [1]). The record also supports the conclusion that Ross' actions served to delay or prolong resolution of the dispute (see, Matter of Gordon v Marrone, 202 AD2d 104, lv denied 84 NY2d 813; Feffer v Goodkind, Wechsler, Labaton & Rudoff, 183 AD2d 678). Although Ross' ex parte application also sought to vacate the custody order based on respondent's claim that she did not knowingly consent to awarding petitioner custody of their child, as Family Court noted respondent had already filed a petition making this assertion and the petition had not been withdrawn. It was therefore unnecessary for Ross to have separately made a motion to vacate the custody order on the basis of respondent's alleged confusion at the custody hearing.

Nor do we accept Ross' argument that she was denied a "reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]) because Family Court pointed out that ex parte applications are improper (see, Martino v Martino, 194 AD2d 591). Although Family Court correctly found fault with Ross' use of an ex parte application, that was not the basis for imposing sanctions. Under the particular circumstances of this case, it cannot be said that Ross was denied due process of law. Ross' remaining arguments for reversal have been considered and rejected as lacking in merit.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.