■ In the Matter of the Estate of HELMUT M. ROSENHAIN, Deceased. GABRIELE HAMMERSTEIN, as Executor of HELMUT M. ROSENHAIN, Deceased, Appellant; IRENE TANNEN et al., as Executors of FREDERICK M. ALBERTI, Deceased, Respondents. [634 NYS2d 270] —Casey, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered November 5, 1993, which, inter alia, partially granted respondents' cross motion for costs and sanctions against petitioner.

The proceeding out of which this appeal arises was com-

menced shortly after the death of Helmut Rosenhain (hereinafter decedent) in 1984. Petitioner, who is decedent's sister and sole testamentary beneficiary, sought the removal of attorney Frederick M. Alberti as executor of decedent's estate and the appointment of herself as successor executor. After numerous hearings held intermittently over a six-month period in 1986, petitioner and Alberti entered into a stipulation, the terms of which were set forth on the record in open court. A decree of judicial settlement was entered in accordance with the stipulation in January 1987. Shortly thereafter, petitioner filed an appeal from the decree, which this Court dismissed (139 AD2d 869).

Petitioner thereafter moved in Surrogate's Court to set aside the stipulation and to vacate the resulting decree, alleging that she had been induced to enter into the stipulation through misrepresentation and coercion. Surrogate's Court dismissed the petition without reaching the merits of petitioner's claim. This Court reversed and remitted the matter for a determination of the issues raised in the petition (151 AD2d 835). Petitioner's subsequent motion to disqualify the Surrogate was unsuccessful, as was her appeal from the order of Surrogate's Court denying her motion (161 AD2d 912).

Surrogate's Court thereafter held a hearing on the issues raised by petitioner's application to set aside the stipulation. Based upon the evidence presented at the hearing, the court denied petitioner's application, finding that petitioner voluntarily entered into the stipulation with a full understanding of its consequences. On appeal, this Court concluded that "[p]etitioner's claim of coercion is belied by her own testimony * * * and her claim of mistake * * * is not substantiated by credible evidence in the record" (193 AD2d 903, 906, *lv dismissed* 82 NY2d 820). We characterized petitioner's testimony regarding her understanding of the nature and effect of the stipulation as "implausible at best" (*supra*, at 905).

After this Court affirmed the order denying petitioner's application on the merits, Surrogate's Court granted a pending cross motion by respondents for costs and sanctions against petitioner for engaging in frivolous conduct throughout the course of the litigation. Petitioner appeals from the order imposing costs. We affirm.

On an appeal from an order which imposes costs and/or sanctions upon a finding of frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c), the issue is whether the court abused its discretion (*see, Matter of Williams v Williams*, 215 AD2d 980, 981). Frivolous conduct includes conduct undertaken primarily

to delay or prolong the resolution of litigation or to harass another (22 NYCRR 130-1.1 [c] [2]). That petitioner's application to set aside the stipulation was sufficient to require resolution on the merits did not preclude Surrogate's Court from concluding that the primary purpose of the litigation was to delay or harass (see, Matter of Gordon v Marrone, 202 AD2d 104, 110, lv denied 84 NY2d 813). Surrogate's Court found that petitioner had entered into the stipulation with full understanding of its consequences, and that she later fabricated her claims of misrepresentation and coercion, which she used as the basis for her attempts to vacate the stipulation as a means of escaping or delaying the consequences of the stipulation she voluntarily made. Considering the nature and extent of petitioner's conduct, and the circumstances under which the conduct took place, we find no abuse of discretion in the court's conclusion that petitioner engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c). We also conclude that the amount of the costs awarded by Surrogate's Court is supported by the record. The order should, therefore, be affirmed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.