■ RALPH SOMMA et al., Appellants, v INGE WEHRLE, Respondent. [666 NYS2d 17] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated August 29, 1996, as, upon granting the defendant's motion for summary judgment dismissing the complaint, awarded the defendant costs in the sum of $3,600 and imposed sanctions upon the plaintiffs in the sum of $1,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

At issue on this appeal is the propriety of an award of costs and sanctions which were imposed against the plaintiffs for bringing the instant action which was primarily for specific performance of a purported contract for the sale of real property and for filing a notice of pendency against the subject real property.

We agree with the Supreme Court's determination that the writing, which the plaintiffs contended constituted a complete, enforceable agreement, was devoid of the "essential terms of any purchase/sale agreement" and that it therefore was not a valid contract subject to specific performance. The record further supports the court's finding that the plaintiff Ralph Somma, an attorney at law who brought this lawsuit on behalf of himself and as counsel to the plaintiff Messena Somma, had acknowledged that these "essential terms" must be included in such a contract.

These facts, and other matter contained in the record support the ultimate conclusion that the commencement of this action was, among other things, without merit and that this constituted "frivolous conduct" within the meaning of 22 NYCRR 130-1.1.

Further, notwithstanding the plaintiffs' assertions to the contrary, they were not denied an opportunity to be heard prior to the imposition of costs and sanctions (22 NYCRR 130-1.1 [d]; *see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 413).

The costs awarded to the defendant and the sanctions imposed against the plaintiffs were appropriate in all respects (*see, Matter of Williams v Williams,* 215 AD2d 980, 981-982). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.